**Estate of Martin HARO, Plaintiff and Appellant,**

v.

**Maria Guadalupe HARO and Everardo Haro, Defendants and Appellees.**

No. 930702–CA.

Court of Appeals of Utah.

Dec. 20, 1994.

Scott Holt, Layton, for appellant.

Robert H. Henderson and Richard A. Van Wagoner, Salt Lake City, for appellee Maria Haro.

J. Kent Holland, Salt Lake City, for appellee Everardo Haro.

Before BENCH, BILLINGS and WILKINS, JJ.

## OPINION

BENCH, Judge:

Plaintiff estate appeals from the trial court's dismissal of its wrongful death action. We affirm.

## FACTS

On February 24, 1991, Martin Haro died as a result of carbon monoxide poisoning he had sustained while staying in the home of his ex-wife, Maria Haro. On January 12, 1993, plaintiff brought a wrongful death action against Maria Haro and Juan Haro, claiming that their negligence caused Martin Haro's injuries and eventual death. On February 26, 1993, plaintiff filed an amended complaint naming Maria Haro and Everardo Haro as defendants.

Defendants brought a motion to dismiss plaintiff's amended complaint on the ground that Martin Haro's estate was neither an heir nor his personal representative and therefore could not maintain an action under Utah's wrongful death statute. Plaintiff then brought a motion to substitute the real parties in interest, pursuant to rule 17(a) of the Utah Rules of Civil Procedure. The trial court ruled that because the "Estate of Martin Haro is not an heir and did not have the capacity to sue, the Complaint and Amended Complaint are nullities." The trial court therefore granted defendants' motion and denied plaintiff's motion with prejudice. This appeal followed.

## ANALYSIS

### Proper Plaintiff in Wrongful Death Action

Plaintiff argues that the trial court erred by ruling that it did not have the capacity to sue. Specifically, plaintiff argues that an estate has an interest in recovering for the decedent's wrongful death. We disagree.

Utah's wrongful death statute provides that "when the death of a person not a minor is caused by the wrongful act or neglect of another, *his heirs, or his personal representatives for the benefit of his heirs,* may maintain an action for damages against the person causing the death." Utah Code Ann. § 78–11–7 (1992) (emphasis added). The underlying purpose of this statute is "to provide compensation to those who were dependent upon the decedent as a sole or supplemental means of economic and emotional support." Dennis C. Farley, Note, *Decedent's Heirs Under the Utah Wrongful Death Act*, 1979 Utah L.Rev. 77, 80.

In *In re Behm's Estate*, 117 Utah 151, 213 P.2d 657 (1950), the Utah Supreme Court addressed the separate identities of a decedent's heirs and a decedent's estate under the wrongful death statute.[1] The court held that a claim for wrongful death is a

> separate and independent cause of action and is not a continuation of the right of action of the injured party for personal injuries. The death creates a new cause of action for the loss suffered by the heirs by reason of the death, and only comes into existence upon the happening of the death.

*Id.* 213 P.2d at 660–61. The court also held that the proceeds from a wrongful death award may not be intermingled with the res of the estate.

> [T]he legislature intended that the proceeds obtained from the wrongdoer would not be intermingled with other assets of the estate of the deceased. Otherwise, the cause of action would have been vested in the personal representative alone and the amount would have been subjected to administration by him in the same manner as other estate assets.

*Id.* 213 P.2d at 660.

Section 78–11–7 clearly delineates that the decedent's heirs or his or her personal representative (on behalf of the heirs) are the only parties that may maintain an action for wrongful death. Section 78–11–7 does not allow for the decedent's estate to bring and maintain a wrongful death action. We therefore conclude that the trial court was correct

---

1. The 1924 version of Utah's wrongful death statute, like the current version, provided that suit could only be brought by decedent's heirs or decedent's personal representative.

in ruling that plaintiff in the present case lacked the necessary capacity to sue.[2]

### Plaintiff's Rule 17(a) Motion

Plaintiff also argues that the trial court erred by not allowing it to amend its complaint to substitute decedent's heirs as the real parties in interest pursuant to rule 17(a) of the Utah Rules of Civil Procedure. We disagree.

Rule 17(a) provides, in pertinent part:

> Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's name without joining the party for whose benefit the action is brought. . . .

This rule contemplates that the party bringing suit has the capacity to sue on behalf of the "real party in interest." If the suit is brought by a party that does not have the capacity to sue on behalf of the "real party in interest," the suit is a nullity. Because Martin Haro's estate had no capacity to bring an action for wrongful death, the complaint was a nullity and there remained no cause of action in which to substitute parties. Therefore, the trial court did not err in denying plaintiff's motion to substitute real parties in interest.

### CONCLUSION

The trial court did not err by dismissing plaintiff's cause of action. Additionally, the trial court did not err in denying plaintiff's motion to substitute parties.

Affirmed.

BILLINGS and WILKINS, JJ., concur.

---

2. The trial court also ruled that plaintiff's action against Everardo Haro was not initiated within the two-year statute of limitations. *See* Utah Code Ann. § 78–12–28 (1992). Plaintiff contends that the statute of limitations for wrongful death actions violates article XVI, section 5 of the Utah Constitution, which provides that "[t]he right of action to recover damages for injuries resulting in death, shall never be abrogated." In light of our holding that the estate is not a proper plaintiff, we need not reach plaintiff's constitutional argument. We note, however, that statutes of limitations do not abrogate rights to sue, but merely proscribe the time in which those rights must be asserted. *See Lee v. Gaufin,* 867 P.2d 572, 575 (Utah 1993) (statutes of limitations "do not abolish a substantive right to sue, but simply provide that if an action is not filed within the specified time, the remedy is deemed to have been waived. . . . [T]he barring of the remedy is caused by a plaintiff's failure to take reasonable steps to assert the cause of action within the time afforded by statute").