**2018 UT App 150**

## THE UTAH COURT OF APPEALS

KEVIN FAUCHEAUX,
Appellant,
*v.*
PROVO CITY,
Appellee.

Opinion
No. 20160738-CA
Filed August 9, 2018

Fourth District Court, Provo Department
The Honorable Fred D. Howard
No. 100401999

Sara Pfrommer, Ronald D. Wilkinson, Nathan S. Shill,
and Marianne P. Card, Attorneys for Appellant

Robert D. West, J. Brian Jones, and Gary D. Millward,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGE MICHELE M. CHRISTIANSEN FORSTER concurred. JUDGE JILL
M. POHLMAN concurred in the result.

ORME, Judge:

¶1     Kevin Faucheaux appeals the dismissal of his suit against
Provo City. The district court dismissed the suit for lack of
subject matter jurisdiction on the basis that Faucheaux, who
seemingly brought this action as personal representative of the
estate of Helen M. Faucheaux, did not have legal authority to
bring a wrongful death suit. We reverse.

¶2     In 2009, Faucheaux called 911 after finding his wife, Helen
Faucheaux, "unable to even complete a full sentence,"

"stumbling around the house," and "stumbl[ing] into the bathroom" where he "heard snorting noises."[1] Faucheaux informed the 911 operator that Helen had a history of drug abuse and that he was concerned that she "had overdosed." Provo City police officers were dispatched, arrived at the Faucheaux home, and concluded that Helen was intoxicated and needed to "sleep it off." They also advised Faucheaux to "leave her alone" since she was upset with him. Faucheaux insisted that his wife needed to be evaluated by a medical professional because she had previously attempted suicide and was possibly overdosing. Despite his pleas, the officers told him "to have a good night" and left. He did not have a good night. Approximately two hours later, Faucheaux went to check on his wife and found her dead.

¶3    Faucheaux brought a wrongful death suit against Provo City, claiming its officers "negligently failed to protect" Helen when they responded to "his request for a welfare check" because, in answering that request, they "undertook a specific action to protect" Helen. Provo City, then discerning no problem with standing or subject matter jurisdiction, simply answered the complaint and later filed a motion for summary judgment on the grounds that "its police officers had no legal duty to take [Helen] into custody against her will and deliver her for involuntary commitment" and that "[t]he discretionary acts of [Provo City's] police officers also provide [Provo City] with governmental immunity." Granting summary judgment to Provo City, the district court ruled that the city owed no duty of care to Helen and that, even if it did, it was immune from suit. Faucheaux appealed.

---

1. "On appeal from a motion to dismiss, we review the facts only as they are alleged in the complaint. We accept the factual allegations as true and draw all reasonable inferences from those facts in a light most favorable to the plaintiff." *Peck v. State*, 2008 UT 39, ¶ 2, 191 P.3d 4 (citation and internal quotation marks omitted).

¶4    On appeal from the initial summary judgment against Faucheaux, we determined that the district court erred in concluding that "the public-duty doctrine shields Provo from liability." *Faucheaux v. Provo City*, 2015 UT App 3, ¶ 37, 343 P.3d 288. And we concluded "that the Governmental Immunity Act does not immunize Provo from [responsibility for] the officers' actions and omissions." *Id.* We then remanded the case for further proceedings, *id.*, expecting the case would proceed to the discovery phase and then on to settlement or trial.

¶5    But on remand, Provo City instead latched on to a new procedural bar to Faucheaux's suit and moved to dismiss the case because "the Estate of Helen M. Faucheaux had no capacity to sue for wrongful death, and no real party in interest may be substituted." Faucheaux filed a response to the city's motion, arguing that Provo City forfeited the right to file a motion to dismiss when it filed its answer and that he brought his claim against Provo City as a personal representative of the heirs of Helen's estate, with the caption of his complaint identifying the estate as the party bringing the suit being merely a technical error. The district court dismissed the case, concluding it lacked subject matter jurisdiction because the estate did not have legal authority to bring a wrongful death suit under Utah Code section 78B-3-106(1) (LexisNexis 2012).[2] Faucheaux again appeals.

---

2. An estate is not a legal entity that can bring suit. *See* 31 Am. Jur. 2d *Executors & Administrators* § 1085 (2012). It is a decedent's bundle of property rights that, once claims against the decedent have been settled or paid, might be bequeathed, devised, or transferred to a decedent's heirs or devisees. *See* Utah Code Ann. § 75-1-201(14) (LexisNexis Supp. 2017); *id.* § 75-3-101 (Michie 1993). If the executor or administrator believes a decedent has a cause of action that survives her death, he may bring suit on behalf of the estate. *See* 31 Am. Jur. 2d *Executors & Administrators* § 1085 (2012). A wrongful death action is not such an action. It is

(continued…)

¶6     "Because the propriety of a motion to dismiss is a question of law, we review for correctness, giving no deference to the decision of the trial court." *Krouse v. Bower*, 2001 UT 28, ¶ 2, 20 P.3d 895. And "the question of whether subject matter jurisdiction exists is one of law," which we likewise review without deference to the trial court. *Van Der Stappen v. Van Der Stappen*, 815 P.2d 1335, 1337 (Utah Ct. App. 1991).

¶7     Faucheaux argues that the district court's rationale for dismissing his complaint on remand "conflated a standing issue with the issue of real party in interest, and wrongly concluded that it lacks jurisdiction to determine . . . the real party in interest in this case." He argues that "real party in interest" is not a question of subject matter jurisdiction that can be raised at any time, but rather one of legal capacity to sue, and for that reason, Provo City waived its objection when it failed to raise it in a timely way.[3]

---

(…continued)
a claim that is personal to the decedent's heirs and not one that accrued to the decedent, that survived her death, and that may be pursued on behalf of the estate. *See* Utah Code Ann. § 78B-3-106 (LexisNexis 2012).

    In the prior appeal, we appear to have recognized the technicality of the defect in the complaint to some extent. The complaint identified "Estate of Helen M. Faucheaux" as the plaintiff, but our prior opinion names Kevin Faucheaux as the plaintiff and appellant.

3. Faucheaux also raises two other issues on appeal. However, for both issues, he essentially argues that the district court erred by not recognizing that the caption of his complaint merely contained a technical error. Faucheaux asserts that he substantially complied with Utah Code section 78B-3-106(1) in bringing suit against Provo City, albeit purportedly as the personal representative of his wife's estate, because the body of

(continued…)

¶8    Rule 17 of the Utah Rules of Civil Procedure requires that "[e]very action shall be prosecuted in the name of the real party in interest." Utah R. Civ. P. 17(a). "The real party in interest is the person entitled under the substantive law to enforce the right

---

(…continued)

his complaint states, with our emphasis, that "Kevin Faucheaux is the personal representative, or will soon be named the personal representative, of the Estate of Helen M. Faucheaux *and brings this action on behalf of and for the benefit of Helen M. Faucheaux's heirs*." *See* Utah Code Ann. § 78B-3-106(3) (LexisNexis 2012) ("The [wrongful death] action may be brought by either the personal representatives of the adult deceased person, for the benefit of the person's heirs, or by the guardian for the benefit of the heirs[.]"). He argues that the complaint's caption, naming the plaintiff as "Estate of Helen M. Faucheaux," was a technical error which he should be allowed to correct under rule 15(c) of the Utah Rules of Civil Procedure so that the caption reflects the substance of his complaint.

Nevertheless, it is clear to us from the complaint and the record as a whole that Faucheaux purportedly brought this suit on behalf of the estate, and therefore in the first appeal we noted that Faucheaux was bringing the suit as the "personal representative of Helen's estate." *Faucheaux v. Provo City*, 2015 UT App 3, ¶¶ 1, 10, 343 P.3d 288. But we recognize that there is a fine line in a case where the decedent dies intestate between a recovery for the estate, which will be distributed to the heirs once any bills have been paid, and a recovery directly for the heirs. The line is even finer where, as here, the personal representative who brought the suit is also the primary—if not exclusive—heir. In sum, Faucheaux's technical-error argument takes him only so far. It supports our conversion of the plaintiff named in the caption in the earlier appeal from "Estate of Helen M. Faucheaux" to Kevin Faucheaux but does not warrant ignoring the complaint's references, and our prior opinion's recognition, that he brought the action as personal representative of the estate, albeit expressly for the benefit of Helen's heirs.

sued upon and who generally, but not necessarily, benefits from the action's final outcome." *Orlob v. Wasatch Med. Mgmt.*, 2005 UT App 430, ¶ 17, 124 P.3d 269 (citation and internal quotation marks omitted). As we recognized in *Haro v. Haro*, 887 P.2d 878 (Utah Ct. App. 1994), the real party in interest for a wrongful death suit is the decedent's heirs because Utah's wrongful death statute intends "to provide compensation to those who were dependent upon the decedent as a sole or supplemental means of economic and emotional support." *Id.* at 879 (citation and internal quotation marks omitted). Utah's wrongful death statute therefore permits only the heirs of the decedent, the personal representative of the decedent for the benefit of the decedent's heirs, or the heirs' guardian to bring a wrongful death suit. *See* Utah Code Ann. § 78B-3-106(1) (LexisNexis 2012). A wrongful death action on behalf of a decedent's estate, per se, has no legal basis under the statute. *See Haro*, 887 P.2d at 879.

¶9    Accordingly, the district court in the present case concluded that the estate—and by implication, Kevin Faucheaux as personal representative on behalf of the estate—lacked standing and that the court was therefore unable to exercise subject matter jurisdiction over the suit. But "subject matter jurisdiction concerns a court's broad authority to hear the sort of case before it."[4] *Iota LLC v. Davco Mgmt. Co.*, 2016 UT App 231, ¶ 44, 391 P.3d 239. It also encompasses issues of justiciability, such as whether a party has standing. *In re adoption of B.B.*, 2017 UT 59, ¶ 121, 417 P.3d 1. *See also Alpine Homes, Inc. v. City of West Jordan*, 2017 UT 45, ¶ 2 ("Standing is a question of subject matter jurisdiction that raises fundamental questions regarding a

---

4. Utah courts have broad authority over wrongful death claims. *See* Utah Code Ann. § 78A-5-102(1) (LexisNexis 2012) ("The district court has original jurisdiction in all matters civil and criminal, not excepted in the Utah Constitution and not prohibited by law."); *id.* § 78B-3-106(1) (creating a cause of action "when the death of a person is caused by the wrongful act or neglect of another").

court's basic authority over the dispute.") (brackets, citation, and internal quotation marks omitted). Had Faucheaux lacked standing in this sense, the court would have been correct in dismissing the suit for lack of subject matter jurisdiction, notwithstanding Provo City's dereliction in raising the issue so late in the game. *See* Utah R. Civ. P. 12(h) (permitting a defendant to raise the issue of subject matter jurisdiction at any time during the proceedings).

¶10    But as we explained in *Elite Legacy Corp. v. Schvaneveldt*, 2016 UT App 228, 391 P.3d 222, "standing is not the same as legal capacity to sue." *Id.* ¶ 51 (citation and internal quotation marks omitted). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority," whereas "a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* (emphases in original) (citation and internal quotation marks omitted). Questions about whether a party is authorized by statute to bring suit on behalf of the real party in interest "affects a plaintiff's capacity to sue, not its standing," and therefore "the failure is not jurisdictional." *Id.* ¶ 54.

¶11    Consequently, the lack of capacity to sue "is an affirmative defense, which may be waived . . . by failure to bring it before the trial court." *Id.* ¶ 53 (omission in original) (citation and internal quotation marks omitted). *Cf. Wall Inv. Co. v. Garden Gate Distrib., Inc.*, 593 P.2d 542, 544 (Utah 1979) ("[F]ailure to comply with the assumed name statute does not disqualify [a party] as a plaintiff in this suit."). Because capacity to sue is not a jurisdictional issue, the suit is merely voidable, not void.[5] *See*

---

5. Our holding in *Haro v. Haro*, 887 P.2d 878 (Utah Ct. App. 1994), stated that when a party "does not have the capacity to sue on behalf of the 'real party in interest,' the suit is a nullity." *Id.* at 880. But the lack of capacity to sue makes an action voidable, not void. In *Haro* the motion to dismiss was timely

(continued…)

*Schvaneveldt*, 2016 UT App 228, ¶ 54. Moreover, an objection on real-party-in-interest grounds must be timely. And when it is clear on the face of the complaint that the party lacks the capacity to sue on behalf of the real party in interest, the defense must be raised early in the pleading stage since "there is no good reason why the claimed defect should not be treated as waived" if it is not asserted in timely fashion, as would be the case in "all other civil proceedings." *Taslich v. Industrial Comm'n of Utah*, 262 P. 281, 286 (Utah 1927) (Straup, J., dissenting).[6]

¶12 Because the error of which Provo City now complains was evident on the face of Faucheaux's complaint, Provo City, if truly concerned about Faucheaux's capacity to sue as an heir or on behalf of Helen's heirs, should have presented the issue as an affirmative defense in its answer or in an early motion to dismiss. Given its failure to do so, Provo City has waived the defense that Faucheaux does not have the capacity to sue on behalf of the real party or parties in interest, Helen M. Faucheaux's heirs, of which he is one and perhaps the only one.

---

(…continued)
because the defendant brought the motion soon after the amended complaint was filed, *see id.* at 879, not, as here, years later and only after summary judgment on an unrelated ground had been entered, the judgment reversed on appeal, and the case remanded.

6. Faucheaux also contends that rule 17(a) of the Utah Rules of Civil Procedure should have prohibited the court from dismissing the complaint "until a reasonable time has been allowed after objection for ratification, joinder or substitution of the real party in interest." While the general proposition has merit, because Provo City waived the issue of real party in interest and Faucheaux is already before the court—with the capacity in which he brought the action being comparatively insignificant in the context of this case—it is unnecessary for us to reach this issue.

¶13     Accordingly, we reverse and remand for resolution of Faucheaux's complaint on the merits.

———————