*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 41**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

ESTATE OF HELEN M. FAUCHEAUX,
*Respondent,*

*v.*

CITY OF PROVO,[1]
*Petitioner.*

No. 20180812
Filed August 6, 2019

On Certiorari to the Utah Court of Appeals

Fourth District, Provo
The Honorable Fred D. Howard
No. 100401999

Attorneys:

Sara Pfrommer, North Salt Lake, Ron D. Wilkinson, Nathan S. Shill,
Orem, for respondent

Robert D. West, J. Brian Jones, Gary D. Millward, Provo,
for petitioner

ASSOCIATE CHIEF JUSTICE LEE authored the opinion of the Court, in
which CHIEF JUSTICE DURRANT, JUSTICE HIMONAS, JUSTICE PEARCE, and
JUSTICE PETERSEN joined.

---

[1] We have left the caption as it stood when the case was filed in the district court. We do so recognizing that there is a dispute over the identity of the plaintiff, and despite the fact that the court of appeals altered the caption to list Kevin Faucheaux as the plaintiff, for reasons explained further in our opinion.

ASSOCIATE CHIEF JUSTICE LEE, opinion of the Court:

¶1    Helen M. Faucheaux died of a drug overdose in 2009, in an incident in which Provo City police officers were dispatched to her home. Her heirs sought damages through a wrongful death suit. That suit was captioned as "Estate of Helen M. Faucheaux v. City of Provo." Six years after the case was filed, Provo City moved to dismiss the case on the ground that an estate lacks the legal capacity to assert a claim sounding in wrongful death. The district court granted the motion, and the heirs appealed. The court of appeals reversed. It concluded that a lack of capacity is an affirmative defense and held that Provo City had forfeited this defense by waiting to raise it until a motion filed six years into the litigation.

¶2    We affirm the court of appeals on two alternative grounds. First we conclude that there was no capacity defect in the complaint when it was initially filed. The district court correctly indicated that an estate is not a proper plaintiff in a wrongful death case and rightly noted that the caption of the complaint identified the Faucheaux estate as the plaintiff. But the caption of a complaint has no controlling significance, and the complaint in this case otherwise made clear that the action was being pursued by the personal representative on behalf of the heirs. And for that reason, the district court erred in dismissing the case on the basis of a lack of capacity.

¶3   We also identify a second basis for our decision. We conclude that even if this action had been initiated by the estate, the estate's lack of capacity could properly have been corrected by substitution under rule 17(a) of the Utah Rules of Civil Procedure. In so holding we overrule the court of appeals' decision in *Haro v. Haro*, 887 P.2d 878 (Utah Ct. App. 1994), which states that a wrongful death action initiated by an estate is void. *Id.* at 880. We conclude that this kind of defect merely renders the action voidable and thus subject to correction under rule 17(a). And we hold that such a correction could have properly resolved any arguable lack of capacity problem in this case.

I

¶4    In 2009 Helen Faucheaux died of a fatal drug overdose. Prior to her death, her husband, Kevin Faucheaux, called the Provo City Police Department for help. He explained that he feared that his wife, who had a history of drug abuse, had overdosed. Provo City police officers were dispatched to the home. Once there, the officers

concluded that Ms. Faucheaux was intoxicated but did not need additional help. They told Mr. Faucheaux that they thought his wife just needed to "sleep it off."[2] And they left the house without offering any further assistance. Two hours later, Mr. Faucheaux went to check on Ms. Faucheaux and found her dead.

¶5 In 2010 Mr. Faucheaux, in his capacity as personal representative of Ms. Faucheaux's estate, filed a wrongful death action against Provo City, claiming that Provo City police officers had "negligently failed to protect" her. The caption of the complaint listed "The Estate of Helen M. Faucheaux" as the plaintiff. Provo City filed a timely answer to the complaint—a pleading that failed to challenge the capacity of the plaintiff to sue the City. Almost three years later, the City filed a motion for summary judgment. In that motion the City asserted that "its police officers had no legal duty to take [Ms. Faucheaux] into custody against her will and deliver her for involuntary commitment." The City also claimed that the officers had acted within their discretion and thus had governmental immunity. The district court granted Provo City's motion. Mr. Faucheaux appealed.

¶6 The court of appeals reversed. *Faucheaux v. Provo City*, 2015 UT App 3, ¶ 37, 343 P.3d 288 (*Faucheaux I*). It held that the district court had erred in concluding that "the public-duty doctrine shields Provo from liability." *Id.* And it concluded that "the Governmental Immunity Act does not immunize Provo from [responsibility for] the officers' actions and omissions." *Id.* The court of appeals thus remanded for further proceedings in the district court. *Id.*

¶7 On remand Provo City asserted a new ground for challenging Mr. Faucheaux's claims. In a motion filed more than six years after the case was initiated, the City sought dismissal of the complaint on the ground that "the Estate of Helen M. Faucheaux had no capacity to sue for wrongful death, and no real party in interest may be substituted" in its place. In response Mr. Faucheaux asserted that he was bringing the suit as the personal representative of Ms. Faucheaux's estate, and insisted that the caption's listing of the Faucheaux estate was a mere technical error subject to correction.

---

[2] We make no assessment of the officers' actions in this case. The merits of the wrongful death claim have not been assessed by any court and are not before us on this appeal.

The district court granted Provo City's motion and dismissed the case.

¶8 Mr. Faucheaux appealed. And the court of appeals again reversed. "Because the error of which Provo City now complains was evident on the face of Faucheaux's complaint," the court of appeals held that "Provo City . . . should have presented the issue as an affirmative defense in its answer or in an early motion to dismiss." *Faucheaux v. Provo City*, 2018 UT App 150, ¶ 12, 436 P.3d 104. In light of its failure to do so, the court of appeals held that Provo City had waived the defense that the Faucheaux estate did not have the capacity to sue.

¶9 Provo City filed a petition for writ of certiorari. We granted the petition and now proceed to consider the important questions presented in this case. In so doing we review the decision of the court of appeals. "Our certiorari review of the court of appeals' decision is de novo . . . ." *State v. Ramirez*, 2012 UT 59, ¶ 7, 289 P.3d 444. In reviewing the court of appeals' decision we apply the same standard of review that it would apply in reviewing the decision of the district court. *See State v. Dean*, 2004 UT 63, ¶ 7, 95 P.3d 276 ("The correctness of the court of appeals' decision turns on whether that court correctly reviewed the trial court's decision under the appropriate standard of review."). And the standard of review of a district court's "decision on a motion to dismiss [is] de novo." *State v. Ririe*, 2015 UT 37, ¶ 5, 345 P.3d 1261.

II

¶10 "[W]hen the death of a person is caused by the wrongful act or neglect of another, his heirs, or his personal representatives for the benefit of his heirs, may maintain an action for damages against the person causing the death . . . ." UTAH CODE § 78B-3-106(1). Our code thus limits the appropriate plaintiffs in a wrongful death suit to either heirs or personal representatives of an estate suing on behalf of the heirs. The estate is not a proper party.

¶11 Estates are not excluded from the statutory list by mistake. Damages in a wrongful death suit include "financial support furnished; loss of affection, counsel, and advice; loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of [the] deceased would have received." *Switzer v. Reynolds*, 606 P.2d 244, 246 (Utah 1980). The estate is not an intact entity at the time of the act giving rise to the wrongful death. So the estate could not have suffered damages at the time of the wrongful death. With this in mind, our law holds that the

estate, acting on its own behalf, cannot claim the types of damages available in a wrongful death suit.

¶12 The estate itself could conceivably suffer damages of some sort. Such damages could include medical expenses or other expenses incurred by the decedent that the estate is now responsible for. But the cause of action for these damages is separate and distinct from the wrongful death cause of action. *See In re Behm's Estate*, 213 P.2d 657, 660–61 (Utah 1950). A wrongful death claim is "a separate and independent cause of action and is not a continuation of the right of action of the injured party for personal injuries." *Id.* "The death creates a new cause of action for the loss suffered by the heirs by reason of [the] death," which "comes into existence" only after the decedent's death. *Id.* at 661. And this difference precludes an estate from bringing a wrongful death claim on its own behalf.

¶13 There is another reason why estates are precluded from filing wrongful death actions: "[T]he legislature intended that the proceeds obtained from the wrongdoer would not be intermingled with other assets of the estate of the deceased . . . [and] subjected to administration by [the personal representative] in the same manner as other estate assets." *Id.* at 660; *see also Switzer*, 606 P.2d at 246 ("[T]he wrongful death statute created a new cause of action, which ran directly to the heirs. This action is for the loss suffered by the heirs by reason of death.").

¶14 It is therefore clear, under both the language of section 78B-3-106(1) and under our precedent, that an estate cannot initiate a wrongful death action. Such a claim should be filed by the heirs of the decedent or by a personal representative of an estate on the heirs' behalf.

¶15 The district court dismissed the complaint in this action on the ground that it was initiated by the Faucheaux estate, which lacked capacity to sue for wrongful death. That court relied on *Haro v. Haro*, 887 P.2d 878 (Utah Ct. App. 1994), for the proposition that a wrongful death action initiated by an estate is void. *Id.* at 880. The court of appeals reversed on the ground that an objection to the estate's capacity to sue was an affirmative defense subject to forfeiture, and which was forfeited by the City. *Faucheaux v. Provo City*, 2018 UT App 150, ¶¶ 12–13, 436 P.3d 104. And that court sought to distinguish *Haro*. *Id.* ¶ 11 n.5.

¶16 We now affirm on alternative grounds. In the paragraphs below we first conclude that there was no capacity to sue problem to begin with because the suit in this action was initiated by Kevin Faucheaux as the personal representative of the estate on behalf of

the heirs. Second, we identify a potential pitfall in the court of appeals' analysis of waiver—specifically, that the capacity to sue problem at issue could amount to a standing problem, which could make the defect at issue a matter beyond the law of forfeiture or waiver. In light of this concern, we vacate the court of appeals' waiver analysis. Finally, we consider the *Haro* opinion and the question of the availability of substitution in a case like this one. We conclude that the capacity to sue problem presented here makes the case merely voidable (not void), and thus subject to correction through substitution. And we overrule *Haro* to the extent it is inconsistent with this opinion.

A

¶17 Provo City contends that the estate is the plaintiff in this suit and lacks the capacity to sue for wrongful death. We disagree. There is no genuine lack of capacity problem here. The body of the complaint shows that the suit was brought by Kevin Faucheaux on behalf of Helen M. Faucheaux's heirs. Mr. Faucheaux is the personal representative of the Faucheaux estate. And as such he is a proper party.

¶18 The "Estate of Helen M. Faucheaux" is the sole party listed in the caption of the complaint in this case. And the lower courts in this matter, relying on the caption, determined that the estate lacked the capacity to sue. But captions alone are not determinative. In identifying the parties to an action, courts must look to the entirety of the pleadings.[3]

---

[3] *See, e.g.*, *Comparelli v. Republica Bolivariana de Venezuela*, 891 F.3d 1311, 1318 (11th Cir. 2018) ("[A]lthough captions provide helpful guidance to the court, they are not determinative as to the parties to the action or the court's jurisdiction." (citation omitted) (internal quotation marks omitted)); *Williams v. Bradshaw*, 459 F.3d 846, 849 (8th Cir. 2006) ("While a caption is not determinative as to who is a party to a suit, we think that it is entitled to considerable weight . . . ." (citation omitted)); *N. Alamo Water Supply Corp. v. City of San Juan, Tex.*, 90 F.3d 910, 918 (5th Cir. 1996) ("As a general matter, the caption on a pleading does not constrain the court's treatment of a pleading."); *Jenkins v. Pullman Co.*, 96 F.2d 405, 408 (9th Cir. 1938) ("[A] defective caption, or no caption at all, is merely a formal defect and not fatal . . . ."); *EEOC v. Int'l Ass'n of Bridge, Structural, & Ornamental Ironworkers, Local 580*, 139 F. Supp. 2d 512, 525 (S.D.N.Y. 2001) ("[T]he caption itself is normally not

(continued . . .)

¶19 And here, the caption is the only place where the plaintiff is identified as the "Estate of Helen M. Faucheaux." The first allegation in the complaint asserts that "Kevin Faucheaux is the personal representative . . . of the Estate of Helen M. Faucheaux and brings this action on behalf of and for the benefit of Helen M. Faucheaux's heirs." Later the complaint states that "Mr. Faucheaux is entitled to bring this cause of action and . . . may maintain this cause of action for the damages incurred as a result of the Defendant(s) wrongful acts." The damages sought include "pain and suffering" and "loss of consortium." These are damages suffered by the heirs, not the estate. So outside of the caption, nothing in the pleadings indicates that the Estate of Helen Faucheaux is a party to this action. And nothing suggests that the Estate of Helen Faucheaux is seeking to initiate this suit on its own behalf.[4]

---

determinative of the identity of the parties or of the pleader's statement of claim." (citation omitted) (internal quotation marks omitted)); *see also* 5A FED. PRAC. & PROC. CIV. *Requirement That Pleadings Be Captioned* § 1321 (4th ed. 2019) ("[A] caption is not determinative as to the identity of the parties to the action, the district court's personal jurisdiction over the defendant, or its subject matter jurisdiction over the claims. A very common defect in the caption is a misnomer regarding a party or an erroneous designation of the capacity in which a party is suing or being sued . . . ." (citations omitted)).

[4] The court of appeals thought that it was "clear . . . from the complaint and the record as a whole that [Mr.] Faucheaux purportedly brought this suit on behalf of the estate . . . ." *Faucheaux v. Provo City*, 2018 UT App 150, ¶ 7 n.3, 436 P.3d 104. But this conclusion is contrary to (a) the body of the complaint, which clearly states Kevin Faucheaux is bringing the claim on behalf of the heirs; (b) the court of appeals opinion itself, which later distinguishes between bringing an action on an estate's behalf and on behalf of the heirs, *id.* (stating that Mr. Faucheaux "brought the action as personal representative of the estate, albeit expressly for the benefit of Helen's heirs"); and (c) the court of appeals opinion in *Faucheaux I*, which states that Mr. Faucheaux "sued Provo City in his capacity as the personal representative of Helen's Estate." *Faucheaux v. Provo City*, 2015 UT App 3, ¶ 10, 343 P.3d 288. We owe no deference to the court of appeals' conclusion that "it is clear" that this suit was brought on the estate's behalf. *See Orvis v. Johnson*, 2008 UT 2, ¶ 6, 177 P.3d 600

(continued . . .)

¶20 In identifying the parties with capacity to sue for wrongful death, our law is focused on identifying the party who is entitled to collect the damages inherent in a wrongful death action. *Supra* ¶¶ 10–14. The key inquiry is whether damages go to the estate for the benefit of the decedent or to the personal representative of the estate for the benefit of the heirs. It is clear here that this suit is of the latter type.

¶21 Mr. Faucheaux could have avoided any confusion in this case by captioning this case as "Kevin Faucheaux, as personal representative of the Estate of Helen M. Faucheaux, by and for the benefit of her heirs." Or he could have filed the case in the name of the "Estate of Helen M. Faucheaux, by and through its personal representative, for the benefit of her heirs."[5] The difference between these formulations is semantic. It is axiomatic that a decedent's estate may act only through its representative. So if an "estate" brings a claim for wrongful death "on behalf of the heirs," it is always a representative of the decedent bringing the claim.

¶22 Here the caption was barebones. It identified the plaintiff as "The Estate of Helen M. Faucheaux." But the body of the complaint then explained that the suit was brought by the personal representative of the estate on behalf of the heirs. While it is surely best practice to identify the proper party in the caption of a complaint, failure to do so is not fatal to a case. *See Jenkins v. Pullman Co.*, 96 F.2d 405, 408 (9th Cir. 1938) ("[A] defective caption, or no caption at all, is merely a formal defect and not fatal . . . .").

¶23 It is clear that this action was initiated by the personal representative of Helen M. Faucheaux's estate for the benefit of her heirs. Mr. Faucheaux is a proper party under our law in this capacity. We affirm the court of appeals' decision on this threshold ground. We hold that there was no legal capacity problem in this case to begin with, the caption of the complaint notwithstanding.

---

("On certiorari review, we review the court of appeals' decision for correctness."). And we reach the opposite conclusion. It is clear to us that this suit was brought on behalf of Helen Faucheaux's heirs by the personal representative of her estate.

[5] Under the wrongful death statute, Kevin Faucheaux could also have sued in his capacity simply as an heir of Helen M. Faucheaux, entirely separate from her estate.

B

¶24 The court of appeals concluded that a plaintiff's lack of capacity to sue is an affirmative defense subject to forfeiture by the defense. *Faucheaux v. Provo City*, 2018 UT App 150, ¶ 12, 436 P.3d 104. Because Provo City waited six years before asserting that the plaintiff lacked the capacity to maintain this suit, the court of appeals held that it waived this defense. *Id.*

¶25 This conclusion may be correct as a matter of our law of civil procedure. But we decline to endorse it because it implicates a difficult question in the law of standing, which may raise a jurisdictional question that would not be subject to waiver. In light of this concern (described further below), we vacate the court of appeals' holding on waiver and reserve this question for a future case.

¶26 The City asserts that the alleged lack of capacity problem in this case presents a subject-matter jurisdiction problem in the form of a standing issue. There is a sense in which that could hold. If the estate had sought to advance this wrongful death claim, it could be said that there was no cognizable injury asserted by the plaintiff, or, alternatively, that any alleged injury is not redressable.[6] And that sort of defect could present both a procedural capacity problem and also a standing question.[7]

¶27 That sort of standing problem, moreover, at least arguably would not be subject to waiver. If the party who files and advances a claim has no cognizable injury, then that party may lack standing.

---

[6] *See Switzer v. Reynolds*, 606 P.2d 244, 246 (Utah 1980) (explaining that the wrongful death statute was designed to compensate heirs for specific loses, not injuries suffered by the estate); *In re Behm's Estate*, 213 P.2d 657, 660 (Utah 1950) (explaining that wrongful death is a separate and distinct cause of action for the benefit of the heirs, not the benefit of the estate); *id.* (explaining that the proceeds of wrongful death action cannot go to the estate or be comingled with the estate's funds).

[7] *See Jenkins v. Swan*, 675 P.2d 1145, 1150 (Utah 1983) (establishing traceability and redressability as elements of standing).

And such a lack of standing may not be cured by forfeiture or waiver by the parties.[8]

¶28 We need not and do not resolve this question conclusively. We flag it as a matter potentially worthy of further attention in a case in which it is squarely presented. But we do not decide it here, as it is unnecessary to resolve it in light of our conclusion that the claim in this case was properly initiated by the real party in interest (the personal representative on behalf of the heirs).

C

¶29 We also identify a second basis for our decision to affirm the court of appeals. Even if we assume that there was a capacity problem in this case and that Provo City's motion to dismiss was timely, dismissal would still be improper. A mere lack of capacity makes a case voidable, not void. And when faced with this defect, the proper remedy is substitution under rule 17(a) of the Utah Rules of Civil Procedure.

¶30 The district court based its contrary conclusion on a decision of the court of appeals—*Haro v. Haro*, 887 P.2d 878 (Utah Ct. App. 1994). In *Haro* the plaintiff, the "Estate of Martin Haro," brought a wrongful death action against defendants. *Id.* at 879. The defendants moved to dismiss on the ground that Utah's wrongful death statute permits only "heirs" or "personal representatives for the benefit of heirs" to file suit. *Id.* And "Martin Haro's estate was neither an heir nor [a] personal representative." *Id.* In response, Haro's estate moved to substitute a real party in interest under rule 17(a) of the Utah Rules of Civil Procedure. *Id.* at 879–80. The district court did not allow this substitution. *Id.* It dismissed the case on the ground that the estate lacked capacity. *Id.*

¶31 The court of appeals affirmed. *Id.* It first concluded that the plaintiff estate lacked capacity to sue because "[s]ection 78-11-7 clearly delineates that the decedent's heirs or his or her personal representative (on behalf of the heirs) are the only parties that may

---

[8] *See Living Rivers v. Exec. Dir. of the Utah Dep't of Envtl. Quality*, 2017 UT 64, ¶ 27, 417 P.3d 57 (explaining standing is an issue that can be raised *sua sponte* by the court and is not subject to waiver); *Alpine Homes, Inc. v. City of W. Jordan*, 2017 UT 45, ¶ 2, 424 P.3d 95 (same); *State v. Tuttle*, 780 P.2d 1203, 1207 (Utah 1989) (same).

maintain an action for wrongful death." *Id.* at 879.[9] And it affirmed the district court's decision disallowing substitution. *Id.* at 880. It concluded that rule 17 "contemplates that the party bringing suit has the capacity to sue on behalf of the 'real party in interest.'" *Id.* And because the court concluded that the estate had no capacity to sue, it held that "the complaint was a nullity and there remained no cause of action in which to substitute parties." *Id.*

---

[9] Unlike the case presented to us today, the plaintiff in *Haro* was consistently referred to as the estate throughout the complaint. The complaint read, "As a result of the Defendant's negligence *The Estate of Martin A. Haro* has incurred medical bills and expenses in excess of Eighty Thousand ($80,000) Dollars." (emphasis added) This is a notable difference. Unlike here, where the complaint is brought on behalf of heirs, it appears that the action in *Haro* was brought on behalf of the estate. And in that sense there was a genuine capacity to sue problem in *Haro*.

There is another difference between this case and *Haro*. The complaint in *Haro* asserted claims for damages to the estate itself— "medical bills" and expenses. Yet the estate sought to recover these damages under a cause of action for wrongful death. This was an independent problem with the wrongful death action in *Haro*: the estate was seeking damages it may have been entitled to recover, but under a cause of action that did not encompass such damages. *See Switzer v. Reynolds*, 606 P.2d 244, 247 (Utah 1980) ("In Utah, . . . the wrongful death statute creates a new cause of action which runs directly to the heirs to compensate each for the individual loss suffered by the death."); *id.* at 246 (explaining that wrongful death damages include "loss of affection, counsel, and advice; loss of deceased's care and solicitude for the welfare of the family; and loss of the comfort and pleasure the family of deceased would have received"); *In re Behm's Estate*, 213 P.2d 657, 661 (Utah 1950) (explaining that "[t]he death creates a new cause of action for the loss suffered by the heirs by reason of death, and only comes into existence upon the happening of death" (citation omitted) (internal quotation marks omitted)). Perhaps this is part of the reason the *Haro* court said that the defect at issue rendered the case void, and not subject to correction through substitution. But the court's statement of its holding, at least, was too broad. For reasons described below, a lack of capacity does not generally render a case void and beyond correction under a rule 17(a) substitution.

¶32 The *Haro* opinion's premise is half right. Our wrongful death statute does state "that the decedent's heirs or his or her personal representative (on behalf of the heirs) are the only parties that may maintain an action for wrongful death." *Id.* at 879 (citing UTAH CODE § 78-11-7). But *Haro* takes this point a problematic step further in concluding that suits filed by a plaintiff lacking capacity are a nullity and cannot be corrected. We disagree with this conclusion and accordingly overrule *Haro*.[10]

¶33 Lack of capacity does not make a case a nullity; it just makes a case voidable.[11] A case is a nullity if there "remain[s] no cause of

---

[10] It appears that the court of appeals now disagrees with *Haro*'s conclusion as well. In its opinion in this case that court said that "the lack of capacity to sue makes an action voidable, not void." *Faucheaux v. Provo City*, 2018 UT App 150, ¶ 11 n.5, 436 P.3d 104. Yet rather than overrule *Haro*, the court of appeals attempted to distinguish that case from this one factually. It stated that in *Haro* "the motion to dismiss was timely" because it was brought "soon after the amended complaint was filed." *Id.* In contrast, the court said that the motion to dismiss in this case was filed years after the complaint was filed—"and only after summary judgment on an unrelated ground had been entered, the judgment reversed on appeal, and the case remanded." *Id.*

While the court of appeals identified a factual difference in the two cases, it did not explain how this difference has any effect on the question whether a lack of capacity renders a case void or simply voidable. And we see no logical basis for a distinction. Where a plaintiff lacks capacity, the case is voidable, not void. We overrule *Haro* to the extent it announced a contrary standard.

[11] *See, e.g.*, *Covino v. Alside Aluminum Supply Co.*, 345 N.Y.S.2d 721, 725 (N.Y. App. Div. 1973) ("Mistakes relating to the name of a party involving a misnomer or misdescription of the legal status of a party surely fall within the category of those irregularities which are subject to correction by amendment, particularly when the other party is not prejudiced and should have been well aware from the outset that a misdescription was involved." (citations omitted)); *M&M Constr. Co. v. Great Am. Ins. Co.*, 747 S.W.2d 552, 555 (Tex. App. 1988) (holding that the trial court should have allowed appellant a reasonable opportunity to amend its pleadings to cure its lack of capacity); *Develo-cepts, Inc. v. City of Galveston*, 668 S.W.2d 790, 793 (Tex. App. 1984) (explaining that lack of capacity can be cured by

(continued . . .)

action in which to substitute parties." *Id.* at 880. A nullity or void case arises when the court lacks subject-matter jurisdiction over a claim. "[W]hen a court determines it lacks subject matter jurisdiction, it retains only the authority to dismiss the action." *Ramsay v. Kane Cty. Human Res. Special Serv. Dist.*, 2014 UT 5, ¶ 17, 322 P.3d 1163 (citation omitted) (internal quotation marks omitted). Many subject-matter defects cannot be cured by substitution. If a case is of a class that is beyond the capacity of the court to hear, no substitution can cure it. Such a case would be void.

¶34 But that does not hold for the sort of problem at issue here. The alleged problem here, as noted above, is either a mere lack of legal capacity or a species of a standing problem—a problem arising from the fact that the injury alleged, though quite particularized, is not cognizable because it does not belong to the party asserting it. *See supra* ¶ 26. Either way, the problem is that the wrong party initiated the suit. And that kind of defect is merely voidable, and curable through substitution under rule 17(a).

¶35 Rule 17(a) requires that "[e]very action shall be prosecuted in the name of the real party in interest." But it also provides that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest." UTAH R. CIV. P. 17(a).[12] Thus, rule 17 does more than just permit substitution when a case is not prosecuted in the name of the real party in interest; it also forecloses dismissal of an action until "reasonable time has been allowed after objection for . . . substitution of[] the real party in interest." *Id.* If a party is unwilling or unable to substitute a real party in interest then the court can dismiss the suit. Yet under rule 17 the court must wait "a reasonable time" for a proper party to be substituted. So if a lower court

---

amending the pleadings, and a proper response to a challenge to capacity is to afford the party challenged with an opportunity to amend).

[12] A real party in interest is "the person entitled under the substantive law to enforce the right sued upon and who generally, but not necessarily, benefits from the action's final outcome." *Orlob v. Wasatch Med. Mgmt.*, 2005 UT App 430, ¶ 17, 124 P.3d 269 (citation omitted) (internal quotation marks omitted).

determines that a party lacks the legal capacity to sue, it should permit substitution under rule 17.[13]

¶36 *Haro* was wrong to the extent it reached a contrary conclusion. We overrule *Haro* to the extent it holds that a capacity to sue defect renders a case void, and beyond correction under rule 17(a).

III

¶37 We affirm the court of appeals' decision to reverse the district court's dismissal of Mr. Faucheaux's complaint. Our threshold ground for affirmance is our conclusion that there was never a problem of legal capacity—Mr. Faucheaux brought this suit in his capacity as personal representative of the estate on behalf of the heirs. But we also hold that a capacity defect merely renders an action voidable and subject to correction by substitution under rule 17(a).

---

[13] Mr. Faucheaux did not ask the district court to permit substitution under rule 17. And under an ordinary application of our rules of preservation we may be precluded from reaching this issue on appeal. *Patterson v. Patterson*, 2011 UT 68, ¶ 12, 266 P.3d 828 ("An issue is preserved for appeal when it has been presented to the district court in such a way that the court has an opportunity to rule on [it]." (alteration in original) (citation omitted) (internal quotation marks omitted)). But this is no ordinary case, as the argument raised on appeal would have been entirely futile if raised below. As Provo City made clear in its motion, the district court was bound to dismiss the case and prohibit substitution under *Haro*. The lower court could not have overturned *Haro* or permitted substitution even if Mr. Faucheaux had asked. And we generally do not require parties to spend time and resources making futile arguments below. This is not to say that it is not a best practice to raise all possible arguments below, if only just to preserve and create a record of the arguments for a potential appeal. But we do not fault Mr. Faucheaux for not moving for substitution under rule 17, an avenue that was specifically foreclosed to him by binding case law. Nor do we fault the district court in this case for following the binding command of *Haro*.