*This opinion is subject to revision before final publication in the Pacific Reporter*

**2018 UT 45**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

WITTINGHAM, LLC; THE MUIR SECOND FAMILY LIMITED PARTNERSHIP
and DOROTHY JEANNE MUIR,
*Respondents and Cross-Petitioners,*

*v.*

TNE LIMITED PARTNERSHIP,
*Petitioner and Cross-Respondent.*

No. 20160805
Filed August 22, 2018

On Certification to the Utah Court of Appeals

Second District, Farmington
The Honorable Robert J. Dale
No. 090700547

Attorneys:

James K. Tracy, Stacy J. McNeill, Brigman Lee Harman,
Salt Lake City, for respondents and cross-petitioners

Jeffrey L. Silvestrini, Bradly M. Strassberg, Salt Lake City,
for petitioner and cross-respondent

CHIEF JUSTICE DURRANT authored the opinion of the Court,
in which ASSOCIATE CHIEF JUSTICE LEE, JUSTICE HIMONAS,
JUSTICE PEARCE and JUSTICE PETERSEN joined.

CHIEF JUSTICE DURRANT, opinion of the Court:

## Introduction

¶1 In this case, the plaintiffs asserted various claims against a number of defendants. The district court addressed these claims in its August 4, 2014 amended order of final judgment. Both parties appealed to the court of appeals, which issued a decision. We granted certiorari to address the merits of this case. But we cannot do so because we conclude that the district court's order was not a final judgment. The court's order was not a final judgment because

the court failed to dispose of the plaintiffs' civil conspiracy claim against two defendants—Gavin Dickson and Trump Security, LLC. Accordingly, we dismiss this appeal for lack of jurisdiction and vacate the court of appeals' decision.

## Background

¶2    In setting forth the background of this appeal, we limit our discussion of the "facts necessary to explain our conclusion."[1]

¶3    The Muir Second Family Limited Partnership (the Muir Partnership or Partnership) was organized on December 30, 1993, and continued until it was administratively dissolved on May 3, 2007. Two years after the dissolution, Nicholas Muir, the former general partner of the defunct Partnership, entered into a note and trust deed with TNE on behalf of the Muir Partnership in order to secure a loan for $435,000. As collateral for the loan, TNE recorded the trust deed against a pair of apartment buildings owned by the Partnership. Prior to the execution of the TNE trust deed, Mr. Muir did not disclose to TNE that the Muir Partnership had been administratively dissolved.

¶4    He claimed that the loan was necessary to remove an encumbrance on the apartments, a trust deed, which was secured by a promissory note owed to Trump Security. In fact, this transaction was a sham. There was no promissory note nor was there a trust deed. And the sole member of Trump Security was Gavin Dickson, who, along with Mario Naujoks, assisted Mr. Muir in his scheme.

¶5    After TNE disbursed the funds, the sham encumbrance was released and the apartment buildings were transferred between successive business entities owned by the Muir family, the last being Wittingham, LLC. Mr. Dickson, acting on behalf of Trump Security, then directed that the TNE funds be used for purposes that did not benefit the Partnership. When Mr. Muir's family discovered the sham encumbrance and misappropriation of the TNE funds, Wittingham, LLC, the Muir Partnership, and Dorothy Jeanne Muir (collectively, Plaintiffs) commenced this action, seeking to have the TNE trust deed declared void. Plaintiffs also sought to recover damages from a number of defendants, including TNE, Trump

---

[1] *See DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 3, 242 P.3d 781.

Security, Mr. Dickson, and Mr. Naujoks, for their alleged roles in the fraudulent scheme.

¶6    In their complaint, Plaintiffs asserted twenty-five causes of actions. Of these, Plaintiffs alleged four separate causes of action against Mr. Dickson and Trump Security—conversion, fraud, slander of title, and alter ego. They also alleged a civil conspiracy claim against "[a]ll defendants," including TNE, Mr. Dickson, Trump Security, and Mr. Naujoks.

¶7    On July 10, 2012, the district court granted partial summary judgment in favor of TNE, Bruce J. Malcom, Maureen H. Malcolm, and Daniel J. Torkelson (collectively, the TNE Defendants) on several causes of action. Specifically, the court dismissed with prejudice Plaintiffs' civil conspiracy cause of action against the TNE Defendants.[2]

_____

[2] While the July 10, 2012 order of partial summary judgment uses broad language in stating that "the Court hereby dismisses with prejudice Plaintiffs thirteenth [(fraud)], eighteenth [(lack or failure of consideration)], nineteenth [(constructive trust)], twenty-second [(civil conspiracy)] and twenty-fourth [(agent liability)] causes of action," it is clear that the court did not dismiss these claims as to all defendants. The only claims presented to and considered by the court were those pertaining to the TNE Defendants. Because the district court was asked to decide only claims asserted against the TNE Defendants, it would be unreasonable to read its broad language as dismissing claims as to other defendants. This is further evidenced by the fact that the court later granted judgment in favor of Plaintiffs against Mr. Dickson and Trump Security on the Plaintiffs' fraud cause of action, a cause the court stated it was dismissing in the July 10, 2012 order. *See infra* ¶ 9. If the court had already dismissed these claims as to all defendants in its July 10, 2012 order, it would not have later granted default judgment on Plaintiffs' fraud claims against Mr. Dickson and Trump Security. Additionally, in its amended final order of judgment, the court did not state that Plaintiffs' fraud claim was dismissed against all defendants. Instead, it stated only that Plaintiffs' "Twenty-Second Cause of Action [(Civil Conspiracy)] against TNE was previously DISMISSED WITH PREJUDICE." So we read the July 10, 2012 order as dismissing Plaintiffs' civil conspiracy cause of action only against the TNE Defendants.

¶8    During the course of the trial, the district court issued a certificate of default against Mr. Dickson and Trump Security, as well as a sanction of default judgment against Mr. Naujoks, but never formally entered an order of default judgment against any of the three parties until its July 23, 2013 memorandum decision. In that decision, the court acknowledged that it "ha[d] previously entered the defaults of [Mr. Dickson and Trump Security] and Mario Naujoks" and explained that "Plaintiffs presented evidence regarding their claims against [Mr. Dickson and Trump Security]." The court concluded that Plaintiffs had "established their entitlement to an award of actual damages against [Mr. Dickson and Trump Security] in the amount of $292,500.00 on their claims."[3]

¶9    The district court then outlined which of Plaintiffs' causes of action it was granting judgment on against Mr. Dickson and Trump Security. The court granted judgment in favor of Plaintiffs and against Mr. Dickson and Trump Security on their conversion, fraud, slander of title, and alter ego causes of action. But the court said nothing about Plaintiffs' civil conspiracy cause of action against Mr. Dickson and Trump Security.

¶10 In the same decision, however, the court apparently did dismiss the civil conspiracy cause of action against Mr. Naujoks. There, the court held that Plaintiffs "presented insufficient evidence on their claims to support judgment against Mario Naujoks." And so it dismissed with prejudice "each of Plaintiffs' Causes of Action against Mario Naujoks." Thus, in the July 23, 2013 memorandum decision, the district court granted default judgment against Mr. Dickson and Trump Security on all claims except civil conspiracy, but it refused to grant default judgment against Mr. Naujoks on all claims brought against him.

¶11 After post-trial proceedings, the district court issued its August 04, 2014 amended final order of judgment—the operative final order before us. There, the district court went to great lengths to dispose of each of the causes of action asserted by the parties before it. The court walked through all twenty-five causes of action brought by Plaintiffs. It reiterated its holding in its July 23, 2013 memorandum decision—that Plaintiffs' conversion, fraud, slander of

---

[3] It also concluded that "an award of punitive damages against [Mr. Dickson and Trump Security] in the amount of $292,500.00 is appropriate under the circumstances as a result of their fraud."

title, and alter ego causes of action against Mr. Dickson and Trump Security were granted in the amount of $585,000 (compensatory plus punitive damages). But on Plaintiffs' civil conspiracy claim the court merely reiterated its July 12, 2012 order—that "Plaintiffs' Twenty-Second Cause of Action [(civil conspiracy)] against TNE was previously DISMISSED WITH PREJUDICE." It said nothing about the disposition of this claim to other defendants—particularly to Mr. Dickson and Trump Security.[4]

¶12 Both TNE and Plaintiffs appealed the district court's amended final order of judgment on different grounds. Neither party noted the fact that the district court failed to completely dispose of a claim before it.

¶13 On appeal, the court of appeals affirmed the district court's order without mentioning the live claim below. Both parties petitioned this court for certiorari review, which we granted with the intention of addressing the case on the merits.

## Standard of Review

¶14 We granted certiorari to review several substantive issues. But we may not do so unless the district court's judgment was final.[5] "Whether a district court's judgment is final is a question of law."[6] And this question "may appropriately be addressed by this court on appeal, even if the question is being addressed for the first time."[7]

## Analysis

¶15 Both parties raise important questions of law on certiorari. But because we conclude that the district court's order of judgment did not constitute a final judgment, we cannot review these

---

[4] The district court's original final order of judgment, issued on January 09, 2014, and its corrected final order of judgment, issued on January 28, 2014, also included this irregularity. In fact, at no time did the district court address Plaintiffs' civil conspiracy claim against Mr. Dickson and Trump Security.

[5] *See Loffredo v. Holt*, 2001 UT 97, ¶ 10, 37 P.3d 1070 ("This court does not have jurisdiction over an appeal unless it is taken from a final judgment . . . .").

[6] *DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 15, 242 P.3d 781 (citation omitted).

[7] *Id.*

questions and must dismiss this case for lack of appellate jurisdiction.

¶16 As a general rule, "Utah appellate courts do not 'have jurisdiction over an appeal unless it is taken from a final judgment.'"[8] This principle is embodied in rule 3 of the Utah Rules of Appellate Procedure, which provides that "[a]n appeal may be taken . . . from all final orders and judgments,"[9] and we refer to it as the "final judgment rule."[10]

¶17 "For an order to constitute a final judgment, it must end the controversy between the litigants."[11] In other words, the order must "dispos[e] of the litigation on the merits as to all claims and all parties."[12] "A judgment is not final even [though] it fully resolves issues advanced by one party, or even [though] it resolves a majority of the issues advanced by both parties."[13] Rather, "[i]f any issue remains pending, the final judgment rule is not satisfied."[14] And when this happens, we lack appellate jurisdiction and must dismiss the appeal.[15]

---

[8] *Migliore v. Livingston Fin., LLC*, 2015 UT 9, ¶ 17, 347 P.3d 394 (citation omitted); *see also Bradbury v. Valencia*, 2000 UT 50, ¶ 9, 5 P.3d 649 ("An appeal is improper if it is taken from an order or judgment that is not final . . . .").

[9] UTAH R. APP. P. 3(a).

[10] *Powell v. Cannon*, 2008 UT 19, ¶ 13, 179 P.3d 799.

[11] *Migliore*, 2015 UT 9, ¶ 17 (citation omitted).

[12] *Powell*, 2008 UT 19, ¶ 15; *see also Bradbury*, 2000 UT 50, ¶ 10 ("To be final, the trial court's order or judgment must dispose of all parties and claims to an action."); *Williams v. State*, 716 P.2d 806, 807 (Utah 1986) ("[A]n appeal may be taken only from a final judgment concluding all of the issues in the case.").

[13] *DFI Props. LLC v. GR 2 Enters. LLC*, 2010 UT 61, ¶ 17, 242 P.3d 781 (footnote omitted).

[14] *Powell*, 2008 UT 19, ¶ 15.

[15] *See DFI Props.*, 2010 UT 61, ¶ 23 ("[It] is incumbent upon us [that] when we find that we lack the jurisdiction to hear a case, we dismiss th[e] appeal."); *Loffredo v. Holt*, 2001 UT 97, ¶ 11, 37 P.3d 1070 ("Where the final judgment rule is not satisfied, the proper remedy for this court is dismissal.").

¶18 We strictly apply the final judgment rule because we believe it "promote[s] judicial economy by preventing piecemeal appeals in the same litigation to this Court."[16] It also "maintains the proper relationship between courts."[17] Indeed, "our judicial system would not work well if the trial court could revise an order or judgment after the parties had appealed it to our court."[18] Accordingly, we "consistently uph[o]ld the final judgment rule."[19] We do so again today.

¶19 Here, because the district court's order did not dispose of all claims as to all parties, it does not constitute a final judgment. As stated above, Plaintiffs asserted their civil conspiracy cause of action against "[a]ll defendants," including the TNE Defendants, Mr. Dickson, Trump Security, and Mr. Naujoks. But the court failed to dispose of this claim as to Mr. Dickson or Trump Security. While the court did conclude that Plaintiffs had "established their entitlement to an award of actual damages against [Mr. Dickson and Trump Security] in the amount of $292,500.00 on their claims" in its July 23, 2013 memorandum decision, the court granted judgment against Mr. Dickson and Trump Security in that decision only on Plaintiffs' conversion, fraud, slander of title, and alter ego causes of action. The court failed to make any determination on Plaintiffs' civil conspiracy claim against Mr. Dickson and Trump Security.[20]

¶20 This failure is also evident in the district court's amended final order of judgment. In that order, the court failed to address Plaintiffs' civil conspiracy cause of action as it pertained to

---

[16] *Anderson v. Wilshire Invs., L.L.C.*, 2005 UT 59, ¶ 9, 123 P.3d 393 (citation omitted).

[17] *DFI Props.*, 2010 UT 61, ¶ 18.

[18] *Id.* (citation omitted).

[19] *Bradbury*, 2000 UT 50, ¶ 10.

[20] While the district court did issue a certificate of default against Mr. Dickson and Trump Security, without an entry of default judgment such certificate does not dispose of any claims. *See Roth v. Joseph*, 2010 UT App 332, ¶ 15, 244 P.3d 391 (holding that a default certificate is only "'a first step' towards obtaining a default judgment" (citation omitted)).

Mr. Dickson and Trump Security.[21] The court walked through each cause of action brought by Plaintiffs and reiterated that it was granting judgment against Mr. Dickson and Trump Security on Plaintiffs' conversion, fraud, slander of title, and alter ego causes of action. But when it reached Plaintiffs' civil conspiracy claim, the court stated only that it had previously dismissed this action with prejudice as it applied to TNE. The court said nothing about the disposition of this claim against Mr. Dickson and Trump Security. The parties have directed us to nothing in the record showing that the court disposed of this claim elsewhere, nor have we been able to find any such disposition. This means that Plaintiffs' civil conspiracy claim against Mr. Dickson and Trump Security has not been decided.

¶21 Accordingly, we cannot say the district court has "dispos[ed] of the litigation on the merits as to all claims and all parties."[22] While the court resolved almost all of the claims before it, this is not enough.[23] We have repeatedly stated that when "any issue remains pending, the final judgment rule is not satisfied."[24] We therefore hold that we lack appellate jurisdiction to review this case, because the parties are not appealing a final order.[25] And we also hold, for the same reason, that the court of appeals lacked

---

[21] The district court's original final order of judgment, issued on January 28, 2014, also included this irregularity.}.

[22] *Powell*, 2008 UT 19, ¶ 15.

[23] *See DFI Props.*, 2010 UT 61, ¶ 17.

[24] *Powell*, 2008 UT 19, ¶ 15.

[25] We have recognized three exceptions to the final judgment rule that allow appellate courts to review non-final orders. The first occurs "when the legislature provides a statutory avenue" to appeal non-final orders. *Id.* ¶ 13. The second occurs "when a party obtains permission . . . to appeal an interlocutory order pursuant to rule 5 of the Utah Rules of Appellate Procedure." *Id.* The third occurs "when the district court certifies an order as final under rule 54(b) of the Utah Rules of Civil Procedure." *Id.* None of these exceptions apply here. There is no statute under Utah law allowing an appeal of non-final claims in this circumstance. And this appeal was not presented as, nor were the procedural steps followed for, an interlocutory appeal or certified order.

jurisdiction to review the claims brought before it. Accordingly, we dismiss this appeal and vacate the court of appeals' decision.

¶22 While both parties may desire us to rule on the issues presented on certiorari, as indicated by the extensive time and briefing each has dedicated to addressing the issues before us, we cannot confer jurisdiction merely because parties want us to.[26] Indeed, "[t]he lost time and effort occasioned by the briefing and oral argument . . . is a small price to pay for insisting that the parties comply with the rules of procedure so that the proper relationship between this Court and the trial courts may be maintained."[27]

## Conclusion

¶23 We granted certiorari on this case with the expectation of resolving the dispute on the merits. But because the record indicates that the district court's final order did not dispose of all claims brought by Plaintiffs against the Mr. Dickson and Trump Security, we must conclude that the final judgment rule has not been met. Accordingly, we dismiss this case for lack of appellate jurisdiction and vacate the court of appeals' decision.

---

[26] *Bradbury*, 2000 UT 50, ¶ 8 ("[A]cquiescence of the parties is insufficient to confer jurisdiction on the court . . . ." (citation omitted)).

[27] *A.J. Mackay Co. v. Okland Constr. Co.*, 817 P.2d 323, 326 (Utah 1991) (citation omitted).