*This opinion is subject to revision before final publication in the Pacific Reporter*

**2020 UT 44**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

TRAPNELL & ASSOCIATES, LLC,
*Petitioner*,

*v.*

LEGACY RESORTS, LLC and AMERICA FIRST FEDERAL CREDIT UNION,
*Respondents*.

No. 20190048
Heard January 13, 2020
Supplemental Briefing Received March 6, 2020
Filed July 6, 2020

On Certiorari to the Utah Court of Appeals

Fourth District, Heber
The Honorable Judge Samuel D. McVey
No. 140500081

Attorneys:

Matthew G. Grimmer, Jacob R. Davis, Lehi, for appellant

Peter C. Schofield, Rod N. Andreason, Justin W. Starr, Lehi,
for appellee Legacy Resorts

Mark R. Gaylord, Nathan R. Marigoni, Salt Lake City,
for appellee America First Federal Credit Union

JUSTICE PEARCE authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PETERSEN joined.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1 Trapnell & Associates, LLC (Trapnell) asks us to review the court of appeals' application of the partial subordination doctrine to a set of liens with circular priority. We love a lien

subordination dispute as much as the next court, but we are prevented from sinking our teeth into the meat of that question because we lack jurisdiction.

¶2    After the district court entered its final judgment in this matter, but before the time to appeal expired, Trapnell apparently purchased the plaintiff's—Praia, LLC (Praia)—interest in this litigation. Trapnell announced its arrival to the scene by filing a notice under Utah Rule of Civil Procedure 17 that it was now the real party in interest. That same day, Trapnell lodged a notice of appeal.

¶3    Legacy Resorts, LLC (Legacy) and America First Federal Credit Union (AFCU) asked the court of appeals to summarily dismiss Trapnell's appeal. Legacy and AFCU argued that Trapnell needed to file a motion to substitute pursuant to Utah Rule of Civil Procedure 25 if it wanted to take the litigation over from Praia. They further argued that because Trapnell had improperly inserted itself into the dispute, the notice of appeal it had filed was ineffective. The court of appeals recognized the potential problem and remanded to the district court in apparent hopes that the district court could address the issue. The district court did not see the problem with Trapnell's approach and affirmed that, in its view, Trapnell had properly become a party to the action.

¶4    Legacy and AFCU appealed that decision. The court of appeals addressed Trapnell's attempted entry in the same opinion in which it ruled on the merits of Trapnell's arguments. *See Trapnell & Assocs. LLC v. Legacy Resorts LLC*, 2018 UT App 231, 438 P.3d 44. The court of appeals noted the procedural oddities of trying to substitute into the action through a rule 17 notice but came to the very pragmatic conclusion that because Trapnell intended to become a party and the district court had treated Trapnell as a party, Trapnell had become a party. *See id.* ¶¶ 16–23.

¶5    We cannot follow the court of appeals down that path. Our rules of civil procedure do not permit Trapnell to make itself a party to an ongoing action simply by declaring it so. The consequence of failing to follow the rules is that the notice of appeal Trapnell filed is invalid. And without a valid notice of appeal, the court of appeals lacked jurisdiction to render its decision.

¶6    When Legacy and AFCU began to squawk about Trapnell's procedural misadventure, Praia attempted to fix Trapnell's error by filing a motion to extend the time to file its own notice of appeal. The district court twice denied that motion,

and Praia lodged a "conditional cross-appeal" to challenge that decision. We vacate the court of appeals' decision and remand to that court so that it can sort out what to do with Praia's conditional cross-appeal.

## BACKGROUND

¶7 This case involves various loans secured by Zermatt Resort in Midway, Utah. The court of appeals did a yeoman's job of reciting the facts underlying the dispute, and we refer those interested in the details to read that opinion. *See generally Trapnell & Assocs. LLC v. Legacy Resorts LLC*, 2018 UT App 231, 438 P.3d 44. For the purpose of our discussion, it suffices to say that a dispute arose between lienholders regarding the distribution of the fourteen million dollars a foreclosure sale of Zermatt (Foreclosure Sale) had generated. *See id.* ¶¶ 1–13.

¶8 A suit was initiated. Praia moved for summary judgment, arguing that the district court should award it the lion's share of the Foreclosure Sale's proceeds. *Id.* ¶ 9. Legacy and AFCU cross-moved for summary judgment, contending that Praia should, in the words of a judge not involved in this dispute, get nothing and like it. *Id.* Since Legacy, AFCU, and Praia all held liens on the property, resolution of those motions hinged on whose lien was subordinate to whose and for how much.

¶9 The district court concluded that Praia was not entitled to any proceeds and granted Legacy's motion for summary judgment. *Id.* ¶ 10. The district court dismissed Praia's remaining claims and entered a final judgment on August 10, 2016. *Id.*

¶10 According to a document Trapnell filed in the court of appeals, on August 18, 2016, Praia assigned its interest in the case to Trapnell. *Id.* ¶ 11. On August 22, 2016, Trapnell attempted to enter the litigation by filing a rule 17 "Notice of Substitution of Real Party in Interest." *Id.* The entirety of that pleading stated

> Plaintiff Trapnell & Associates, LLC ("Trapnell"), pursuant to Rule 17 of the Utah Rules of Civil Procedure, provides notice that Trapnell, as assignee of the claims brought by Praia, LLC (the former Plaintiff in this matter) against Defendant Legacy Resorts, LLC, including the claim for declaratory judgment, is the real party in interest who shall prosecute this action.

Trapnell filed a Notice of Appeal on the same day. *Id.* ¶¶ 3, 11.

¶11 Legacy and AFCU quickly moved the court of appeals to summarily dispose of Trapnell's appeal. Legacy and AFCU argued that the court of appeals lacked jurisdiction to hear the case. They reasoned that if Trapnell wanted to substitute into the action for Praia, it needed to file a motion pursuant to Utah Rule of Civil Procedure 25. They further argued that the rule 17 notice Trapnell filed was an ineffective mechanism to grant Trapnell party status. Because no "party" had filed a notice of appeal within the required thirty-day window, the court of appeals lacked jurisdiction. Or so went the argument Legacy and AFCU advanced to the court of appeals.[1] *Id.* ¶ 12.

¶12 Praia reemerged to file a motion under Utah Rule of Appellate Procedure 4(e) for an extension of time to file an appeal in the district court. It filed this motion on September 26, 2016—after the original thirty days to file the notice of appeal had expired but within the window rule 4(e) allows a party to seek additional time to appeal.[2] *Id.*; *see also* UTAH R. APP. P. 4(e) (permitting a trial court to extend the time for filing a notice of appeal if the motion is filed no more than thirty days after the original deadline). Legacy opposed Praia's motion primarily claiming that the district court lost jurisdiction over the case when Trapnell filed its notice of appeal.

¶13 On the same day that Praia filed its rule 4(e) motion for additional time, Trapnell filed, in the court of appeals, a motion to substitute into the appeal pursuant to Utah Rule of Appellate Procedure 38. Trapnell included, as an exhibit to a declaration from Trapnell's attorney, a copy of the document memorializing Praia's assignment of its interest in this litigation to Trapnell. This appears to be Trapnell's first attempt in either the district court or the court of appeals to validate its assertion that Praia had assigned claims to it. Legacy opposed that motion arguing, among other things, that because Trapnell had filed the notice of appeal,

---

[1] The parties filed various other appeals; some of which were later consolidated into a single court of appeals matter. Among other things, Praia appealed the district court's first denial of its motion for an extension of time to file an appeal, and Legacy and AFCU appealed the district court's second denial of Praia's motion for an extension.

[2] The same attorneys that represent Trapnell also represented Praia in both the district court and the court of appeals.

it was attempting to substitute itself for itself. Legacy also claimed that it would be prejudiced by Trapnell's substitution into the case. AFCU joined in Legacy's opposition to Trapnell's motion.

¶14 On September 29, 2016, the district court denied Praia's rule 4(e) motion for an extension of time. The district court gave little reasoning but stated that after reviewing the motion and opposition, "the Court notes the final order in this [case] has already been appealed and is before the Court of Appeals." Praia appealed the district court's denial of its motion for an extension of time to file an appeal.

¶15 On October 21, 2016, Praia joined Trapnell's rule 38 motion for substitution before the court of appeals. Legacy opposed the substance of Praia's motion. Legacy again argued that Trapnell was trying to substitute itself for itself, that it was attempting to substitute into an appeal over which the court of appeals had no jurisdiction, and that the document Trapnell was using to demonstrate that it was the owner of Praia's interest in the litigation failed "to show that Trapnell assumed Praia's *obligations* in this case." In a reply supporting its joinder in Trapnell's motion, Praia argued that Trapnell should be named a party because it is the real party in interest and substitution would not prejudice Legacy.

¶16 On November 2, 2016, the court of appeals deferred ruling on Legacy's and AFCU's motion for summary disposition for lack of jurisdiction. It also deferred ruling on Trapnell's rule 38 substitution motion until it could resolve Praia's appeal of the denial of its motion for additional time to file its appeal.

¶17 On December 21, 2016, the court of appeals reversed the district court's order denying Praia's motion for an extension of time to file an appeal. By way of reminder, the district court had denied that motion noting that it was unnecessary to give Praia additional time because Trapnell had already lodged an appeal of the final order in the case. The court of appeals appears to have read that order to say that the district court believed that it had lost jurisdiction to grant Praia's motion when Trapnell filed its notice of appeal. The appeals court explained that the district court had jurisdiction to consider the motion because the rules of appellate procedure allow for "motions for an extension to be filed in the district court up to thirty days after the original notice of appeal period expired." Because of this, reasoned the court of appeals, "the district court retains jurisdiction to resolve such

motions." The court of appeals remanded for the district court to consider the substance of the rule 4(e) motion for additional time.

¶18 On December 27, 2016, the district court again denied Praia's motion for an extension of time to file an appeal.[3] The district court explained its initial ruling in the matter by reminding the court of appeals that it had "noted the case had been appealed already" and therefore intended "to imply a second notice was not necessary." The district court found that Trapnell "had already that same day substituted in as the real party in interest as allowed by rule 17(a) of the Utah Rules of Civil Procedure" and that as a matter of law, "Trapnell was therefore the only plaintiff party in interest having been assigned all of previous-plaintiff Praia's claims."

¶19 The district court further stated that because "Trapnell now stands in the place of Praia—as the real party in interest[,] it has all of Praia's rights in the case." It concluded that, "Based on Trapnell's *representing itself as the real party in interest*, meaning it was the assignee of Praia and was taking over the case, there is no reason to consider Praia as an entity required to file its own subsequent notice of appeal." (Emphasis added.) In essence, the district court concluded that Trapnell had properly substituted in as the plaintiff because it filed a rule 17(a) notice, and therefore, its notice of appeal was valid. According to the district court, it was unnecessary to accommodate Praia's request for additional time to file an appeal because Trapnell was a proper party and had filed a timely notice of appeal.

¶20 Legacy and AFCU both appealed the district court's second denial of Praia's motion for an extension. According to Legacy and AFCU, the district court erred in concluding that Trapnell could use rule 17 to declare itself a party to the litigation.

¶21 Praia conditionally cross-appealed stating that if "an appellate court" in any of the active appeals "holds that Trapnell's substitution for Praia was ineffective, . . . then Praia and Trapnell request that the [court's order] be vacated and the issue of the

---

[3] The judge signed the order on December 27, 2016, but it was stamped and filed as December 28, 2017. The parties refer to various dates in their briefing. We refer to this as the December 27, 2016 order.

extension of time for Praia to appeal again be presented to the district court."

¶22 The court of appeals consolidated Trapnell's appeal on the merits (into which it had already consolidated Legacy's motions for summary disposition for lack of jurisdiction) with Legacy's and AFCU's separate appeals regarding the December 27, 2016 order. And it dealt with those issues in the same opinion in which it reached the merits of Trapnell's appeal.

¶23 The court of appeals concluded that it had jurisdiction to resolve the matter. *Trapnell*, 2018 UT App 231, ¶ 23. The court of appeals acknowledged "it would have been better had Trapnell filed a motion invoking rule 25(c) instead of a notice invoking rule 17." *Id.* ¶ 22. But the court of appeals concluded that Trapnell's filing made its intent clear: "it wished to be recognized as the real party in interest so that it could prosecute the appeal in Praia's stead." *Id.*

¶24 The court of appeals reasoned that the district court had ruled that Trapnell became a party to the action "after receiving a filing—properly served on all other parties—in which Trapnell clearly signaled its intent to be substituted into the case for Praia." *Id.* ¶ 20. The court of appeals noted that a pleading's caption "is not necessarily dispositive of its substance" so it was reasonable for the district court to, in essence, treat the rule 17 notice as a rule 25 motion. *Id.* ¶ 21. And the court of appeals concluded that neither Legacy nor AFCU presented any evidence that Trapnell was not actually Praia's assignee. *Id.* ¶ 22. This led the court of appeals to conclude that Trapnell's entry into the matter had not prejudiced its adversaries. *Id.*

¶25 The court of appeals recognized the "unique circumstances" of the case, but it ultimately affirmed the district court's conclusion that Trapnell could enter the ongoing litigation by declaring itself the real party in interest. *Id.* ¶ 23.

¶26 Any sense of euphoria Trapnell may have felt with that holding was short-lived, as the court of appeals proceeded to reject Trapnell's substantive arguments and affirmed the district court.[4] *Id.* ¶¶ 27–37. Trapnell petitioned for a writ of certiorari,

---

[4] Because we determine we do not have jurisdiction over this case, we do not delve into the court of appeals' conclusions and analysis of the lien priority issue at the heart of this matter. We

(continued . . .)

alleging the court of appeals erred in how it had applied the partial subordination doctrine. Neither Legacy nor AFCU cross-petitioned for certiorari on the jurisdictional question. But Legacy briefly mentioned the jurisdictional issue in a footnote, indicating that the "jurisdictional concerns have not gone away." It further noted that jurisdiction is a "threshold issue" and if we have questions about jurisdiction, "it will need to be addressed."

¶27 We granted certiorari to consider whether the court of appeals erred in construing and applying the partial subordination doctrine.

¶28 At oral argument, we questioned the parties about the process by which Trapnell had entered the litigation. Following oral argument, we ordered supplemental briefing on whether the court of appeals erred when it concluded that it had jurisdiction over Trapnell's appeal.

## ISSUE AND STANDARD OF REVIEW

¶29 The issue before us concerns whether the court of appeals erred when it determined it had jurisdiction over Trapnell's appeal. Or, more precisely, whether the court of appeals erred when it concluded that Trapnell was a party to the litigation when it filed a notice of appeal. This presents a question of law that we review for correctness. *See Judge v. Saltz Plastic Surgery, P.C.*, 2016 UT 7, ¶ 11, 367 P.3d 1006. To the extent this requires us to review the court of appeals' application of rules of civil procedure 17 and 25, "the interpretation of a rule of procedure is a question of law that we review for correctness." *Brown v. Glover*, 2000 UT 89, ¶ 15, 16 P.3d 540.

## ANALYSIS

¶30 Neither Legacy nor AFCU cross-petitioned for certiorari on the issue we address in this opinion. In most instances, that would be the end of the inquiry. Although we retain the ability to affirm on any ground apparent in the record, we will normally consider an issue waived if not raised. *See Cochegrus v. Herriman City*, 2020 UT 14, ¶ 36, 426 P.3d 357 ("It is within our discretion to affirm [a] judgment on an alternative ground if it is apparent in the record." (alteration in original) (citation omitted) (internal quotation marks omitted)); *State v. Johnson*, 2017 UT 76, ¶ 16, 416

again refer the curious reader to the court of appeals opinion. *See Trapnell*, 2018 UT App 231, ¶¶ 27–37.

P.3d 443 ("When a party fails to raise and argue an issue on appeal, . . . that issue is waived and will typically not be addressed by the appellate court.").

¶31 But jurisdiction is unique. We have an independent obligation to ensure that we have jurisdiction over all matters before us and do not take lightly our responsibility to ensure we have proper jurisdiction before deciding a case. *See Utah Down Syndrome Found., Inc., v. Utah Down Syndrome Ass'n*, 2012 UT 86, ¶ 13, 293 P.3d 241 ("Where an appeal is not properly taken, this court lacks jurisdiction and we must dismiss." (citation omitted)). Legacy's footnote, coupled with the less-than-definitive answers we received at oral argument, prompted us to order supplemental briefing to assure ourselves that this matter is properly before us.

¶32 We asked the parties to address four questions: 1) whether the district court erred in concluding Trapnell properly became a party by filing its rule 17 notice; 2) if the district court erred, did any subsequent action by any court or party cure the error; 3) whether the court of appeals had jurisdiction to decide the matter; and 4) if Trapnell is not a party, what steps could be taken to ensure that this court has jurisdiction over the matter or to permit Trapnell to cure any defect.

¶33 In supplemental briefing, Legacy and AFCU both argue we do not have jurisdiction over Trapnell's appeal. They contend the district court erred when it concluded that Trapnell could become a party by declaring itself the real party in interest under Utah Rule of Civil Procedure 17. They claim that because Trapnell never became a party to this litigation, its notice of appeal was ineffective to invoke appellate jurisdiction.

¶34 Trapnell argues that the court of appeals correctly determined that it effectively moved to be substituted into the matter by filing a rule 17 notice. But Trapnell asserts that if we decide it was not properly substituted into this case, we should remand to the district court for full briefing on the issue of whether Trapnell is a proper party. Trapnell also asks us, in the alternative, to grant Praia's conditional cross-appeal for additional time to file a notice of appeal and remand to the district court.

## I. A Timely Notice of Appeal is a Prerequisite to the Exercise of Appellate Jurisdiction

¶35 "One procedural prerequisite to invoking appellate court jurisdiction is the requirement that an aggrieved *party* file 'a notice of appeal with the clerk of the trial court.' This must be done

'within 30 days after the date of entry of the judgment or order appealed from.'" *State v. Collins*, 2014 UT 61, ¶ 22, 342 P.3d 789 (emphasis added) (citations omitted). The requirement that a *party* file within thirty days is jurisdictional, "meaning that an appellate court simply has no power to hear the case if a notice of appeal is untimely." *Id.*; *see also Wittingham, LLC, v. TNE Ltd. P'ship*, 2018 UT 45, ¶ 22, 428 P.3d 1027 ("[W]e cannot confer jurisdiction merely because parties want us to.").

¶36 In this case, Trapnell is the only entity that timely filed a notice of appeal of the district court's final order.[5] Thus, for appellate jurisdiction to exist, Trapnell needed to be a party to the litigation entitled to file that notice of appeal. *See* UTAH R. APP. P. 3 (discussing how a "party" may take an appeal). To decide whether Trapnell was a party when it attempted to appeal, we need to take a hard look at Utah Rules of Civil Procedure 17 and 25.

## II. Rule 17 and Rule 25

¶37 Rule 17 states that "[e]very action shall be prosecuted in the name of the real party in interest." UTAH R. CIV. P. 17(a). It further mandates that "[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed" for, among other things, substitution of the real party in interest.[6] *Id.* Rule 17(a) concludes by indicating that the substitution "shall have the same effect *as if the action had been commenced in the name of the real party in interest*." *Id.* (Emphasis added).

¶38 In other words, rule 17 dictates who must prosecute an action: the real party in interest. And it protects an action from

---

[5] By way of reminder, after Legacy and AFCU filed a motion for summary disposition in the court of appeals challenging Trapnell's ability to appeal this matter, Praia asked the district court for an extension of time for it to file a notice of appeal. Also by way of reminder, the district court twice rebuffed Praia's request for additional time.

[6] "The real party in interest is the person entitled under the substantive law to enforce the right sued upon and who generally, but not necessarily, benefits from the action's final outcome." *Faucheaux v. Provo City*, 2018 UT App 150, ¶ 8, 436 P.3d 104 (citation omitted).

improper dismissal until a "reasonable time" has been allowed for substitution of the proper real party in interest. *Id.*

¶39 We have discussed how rule 17(a) serves important policy interests. The purpose of having every action prosecuted in the name of the real party in interest "is to allow *defendants* the right to have a cause of action prosecuted by the real party in interest in order for the judgment to preclude any action on the same demand by another." *Green v. Louder*, 2001 UT 62, ¶ 43, 29 P.3d 638; *see also* 6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1541 (3d ed. 2020) ("Arguably, however, [Federal] Rule 17(a) performs the useful function of protecting individuals from harassment and multiple suits by persons who would not be bound by the principles of claim preclusion if they were not prevented from bringing subsequent actions by a real-party-in-interest rule."). Additionally, rule 17 prevents premature dismissal by mandating that the court must give a party a reasonable time to add or substitute the real party in interest.

¶40 Commentators on the substantively similar Federal Rule of Civil Procedure 17 have noted that

> the real party in interest can be joined or substituted and the action continued as if it had been instituted in that party's name. The Advisory Committee in its Note to the 1966 amendment of Rule 17(a) stated that the purpose of the addition was to keep the real party in interest provision in line with the law as it was developing. "Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed . . . ."

6A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1541 (3d ed. 2020) (citation omitted). To this end, "Rule 17(a)(3) is designed to avoid forfeiture and injustice when an understandable mistake has been made in selecting the party in whose name the action should be brought." *Id.* § 1555 (footnote omitted).

¶41 Thus rule 17 protects defendants by requiring that the action be brought by the real party in interest. And it protects plaintiffs by providing a reasonable time to cure mistakes before an action is dismissed. The rule further protects plaintiffs by allowing the suit to proceed as if it had been brought by the real party in interest from the get-go. It can be used at any time during

the proceeding based on a transfer that occurred *prior* to the commencement of the litigation.

¶42  In contrast, rule 25(c) tells a party what to do when there has been a transfer by the real party in interest while the litigation is pending. By its express terms, rule 25(c) governs "transfer[s] of interest." UTAH R. CIV. P. 25(c). Rule 25(c) states that in the case "of *any* transfer of interest, the action may be continued by or against the original party, *unless the court upon motion directs* the person to whom the interest is transferred to be substituted in the action or joined with the original party." *Id.* (Emphases added).

¶43  Rule 25(c) explicitly states that a proposed substitution must be directed by the court for the "person to whom the interest is transferred" to be "substituted in the action." *Id.*; *see also Jones v. Mackey Price Thompson & Ostler*, 2020 UT 25, ¶ 91, — P.3d — ("So substitution is available under rule 25 after *service of a motion*, notice of a hearing, and appropriate proceedings on the question of whether the new party is an entity 'to whom the [original party's] interest is transferred.'" (alteration in original) (emphasis added) (citation omitted)). This means that rule 25 "is designed to allow an action to continue unabated when an interest in a lawsuit changes hands, rather than requiring the initiation of an entirely new lawsuit." *ELCA Enters., Inc. v. SISCO Equip. Rental & Sales, Inc.*, 53 F.3d 186, 191 (8th Cir. 1995) (citation omitted) (internal quotation marks omitted) (interpreting Federal Rule of Civil Procedure 25(c), which is substantively similar to Utah's rule 25).

¶44  Rule 25's requirements promote order and help avoid confusion by requiring the court to direct that the transferee of a real party in interest's right be substituted into the action. And it requires that this occur by motion. Through this mechanism, the court can assure itself that the claim has been transferred to the party seeking to substitute itself into the dispute.

¶45  Many courts with similar rules have developed a shorthand for describing when rule 17 applies and when rule 25 governs. For example, the Montana Supreme Court interpreted its own versions of rules 17 and 25, which are substantively similar to ours, and concluded that rule 17(a) should be invoked when "the interest in a case transfers prior to commencement of the case" and rule 25(c) "when the interest in a case transfers during the action." *Reilly v. Citizens State Bank*, 822 P.2d 1088, 1091 (Mont. 1991); *see also Fed. Deposit Ins. Corp. v. Deglau*, 207 F.3d 153, 159 n.2 (3d. Cir. 2000) (interpreting rules 17 and 25 of the Federal Rules of Civil Procedure, which are substantively similar to the Utah Rules

of Civil Procedure, and stating that rule 25 "governs the substitution of parties during the pendency of litigation" and rule 17 "requires that an action involve only the real parties in interest, as determined by transfers *prior* to the initiation of suit"); *Toledo v CSX Transp., Inc.*, No. 3:16-CV-475-TAV-DCP, 2018 WL 4923362, at *4 (E.D. Tenn. Oct. 10, 2018) (interpreting rules 17 and 25 of the Federal Rules of Civil Procedure, which are substantively similar to the Utah Rules of Civil Procedure, and concluding that whether a party uses rule 17 or 25 "depends on when the substitution of the party in interest occurs" and that rule 25 "applies to cases where an interest is transferred *after* litigation has already commenced" and rule 17 "applies to cases where litigation was mistakenly filed against a party whose interest in the suit *had already* been transferred"); *Pacamor Bearings, Inc., v. Minebea Co., Ltd.*, 892 F. Supp. 347, 360 (D.N.H. 1995) ("Where, as here, there has been a transfer of interest during the pendency of the action, the court must apply Rule 25(c), rather than Rule 17, to determine whether a substitution of parties should occur.").

¶46 Commentators draw the same distinction. *See* 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed. 2020). Rule 25 "speaks to the situation in which 'an interest is transferred' *during the pendency of an action*" and when the interest has been "transferred prior to commencement of the suit, Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling." *Id.* (emphasis added) (footnote omitted). Simply stated, "[*a*]*fter suit is brought,* Rule 25(c) becomes the relevant provision." *Id.* (Emphasis added).

¶47 We hinted at this distinction in *Estate of Faucheaux v. City of Provo*, 2019 UT 41, 449 P.3d 112. In *Faucheaux*, a decedent's heirs sought damages in a wrongful death suit. *Id.* ¶ 1. But the woman's "estate" and not her heirs initiated the litigation. *Id.* Six years after the case was filed, Provo City moved to dismiss on the ground that the estate lacked legal capacity to assert a wrongful death claim. *Id.* Essentially, the problem in *Faucheaux* was one of lack of legal capacity or a "species of a standing problem." *Id.* ¶ 34. We said, "the problem is that the wrong party initiated the suit. And that kind of defect is merely voidable, and curable through substitution under rule 17(a)." *Id.*

¶48 While a transferee of a right is not required to substitute in as a party to participate in litigation and be bound by any judgments, a transferee who chooses to seek substitution may not do so by simply declaring itself a party. Substitution based on a

transfer *after* the commencement of litigation must be done according to rule 25's mandates, which require a motion to the court and a court order directing the substitution. *See* UTAH R. CIV. P. 25(c). Simply stated, rule 25(c)'s plain language sinks Trapnell's argument.

### III. The Court of Appeals Erred in Determining it Had Jurisdiction Over Trapnell's Appeal

¶49 The court of appeals erred when it affirmed the district court's conclusion that Trapnell had properly substituted itself into this suit by filing a rule 17 notice declaring it was a party. As we just explained, Trapnell needed to file a motion under rule 25(c). Its failure to do so means that it was not a party when it filed its notice of appeal. This means that the court of appeals did not have jurisdiction over the appeal. Neither do we.

¶50 In fairness to the court of appeals, it did not seem wholly convinced that Trapnell had acted within the rules when it declared itself a party under rule 17. *Trapnell & Assocs. LLC v. Legacy Resorts LLC*, 2018 UT App 231, ¶ 22, 438 P.3d 44. It noted that "the procedures set forth by rule were not perfectly followed," *id.* ¶ 16, and "it would have been better had Trapnell filed a motion" instead of a notice, *id.* ¶ 22. But the court of appeals ultimately set its qualms aside for three reasons. First, the court of appeals recognized that Trapnell had expressed a clear intent to be the substituted party by filing a rule 17 notice and that the district court had twice approved Trapnell's participation in the case. *Id.* ¶¶ 19–20. Second, the court of appeals reasoned that the substance of a pleading, and not its caption, should control the analysis. *Id.* ¶ 21. Third, the court of appeals determined that the lack of opportunity to "independently verify Trapnell's claim that it was in fact Praia's assignee" did not prejudice Legacy or AFCU. *Id.* ¶ 22.

¶51 First, the court of appeals correctly noted that a person "cannot simply declare itself to be a substituting or intervening party to a lawsuit."[7] *Id.* ¶ 19. But the court of appeals was willing

---

[7] As with most things in life, there is an episode of The Office on point. In season four, Michael Scott found himself besieged with money woes. Seeing no way out of his financial predicament, and inspired by dodgy advice from Creed Bratton, Michael yelled, "I declare bankruptcy!" to anyone in earshot. This prompted Oscar Martinez, one of the Dunder Mifflin accountants, to advise

(continued . . .)

to overlook that because Trapnell's intent to be substituted into the action was clear and the district court twice approved Trapnell's participation. *Id.* ¶ 20. The court of appeals referenced our per curiam decision in *Lundahl v. Quinn*, 2003 UT 11, 67 P.3d 1000, to support its conclusion. *Trapnell*, 2018 UT App 231, ¶ 19.

¶52  But *Lundahl* does not really speak to the question at hand. In *Lundahl*, we rejected a would-be party's attempt to join ongoing litigation by seeking intervention as of right under Utah Rule of Civil Procedure 24(a). *Lundahl*, 2003 UT 11, ¶ 11. To be sure, unlike the district court here, the *Lundahl* district court did not acquiesce in Lundahl's use of the improper procedure. *See id.* ¶¶ 2, 5, 8. But we never suggested that the district court could have blessed Lundahl's ill-advised gambit if it wanted to. To the contrary, we held that where "rule 25(c) provided the proper mechanism, if any, for [Lundahl] to obtain the relief she requests, her petition for extraordinary relief is *frivolous on its face.*" *Id.* ¶ 12 (emphasis added) (footnote omitted).

¶53  The parties do not cite to any cases, nor do we find any, where we have endorsed a district court allowing a party to substitute into an action by its own assertion rather than through the motion rule 25 contemplates. Nothing in the court of appeals' opinion nor in Trapnell's supplemental briefing convinces us that we should start now.

¶54  The court of appeals next reasoned that it could overlook Trapnell's misstep because "the caption of a filing is not necessarily dispositive of its substance." *Trapnell*, 2018 UT App 231, ¶ 21. It was not persuaded that Trapnell filed a "notice" rather than a "motion" as rule 25(c) requires. *Id.* Because the district court "eventually authorize[d] the substitution, it [did] not matter that the filing that triggered that authorization [was] captioned as a 'notice' rather than as a 'motion.'" *Id.*

¶55 We disagree. Although a pleading's caption is "not necessarily" dispositive of its substance, sometimes it can be pretty solid evidence of what the pleading contains. Trapnell did not file a motion masquerading as a declaration. The body of

---

Michael that "you can't just say the word 'bankruptcy' and expect anything to happen." Michael countered, "I didn't say it. I declared it." *The Office: Money* (NBC television broadcast Oct. 18, 2007).

Trapnell's rule 17 notice simply declared itself a party. Trapnell was "provid[ing] notice that [it], as the assignee of the claims brought by [the former plaintiff] against [the defendants], . . . is the real party in interest who shall prosecute this action." There was nothing in the pleading that would qualify as a "motion" or that asked the district court to "direct" Trapnell to be substituted in the action as rule 25(c) requires. *See* UTAH R. CIV. P. 25(c); *see also id.* 7(c) (describing requirements for the content of a motion including a concise statement of the relief requested, relevant facts, and argument citing authority for the requested relief).

¶56 A motion implies a burden that a party must meet to be awarded the relief it seeks. It contemplates that a party will forward legal and factual support so the court can evaluate whether it is entitled to what it moves to receive. *See* UTAH R. CIV. P. 7. Trapnell did none of this. It, as we have noted, declared itself a party. If Trapnell had filed a "notice" but asked the court to recognize it as a party or engaged in rule 7 motion practice, we might be inclined to side with the court of appeals. But this is a case where the caption accurately reflected the substance of what Trapnell was doing. And Trapnell was doing it wrong.

¶57 We are likewise unpersuaded by the third reason the court of appeals was willing to overlook Trapnell's failure to abide by the rules. The court of appeals rejected Legacy's and AFCU's argument that they were prejudiced by the lack of a motion. Legacy and AFCU alleged that they suffered harm because they were "never afforded an opportunity to respond to or independently verify Trapnell's claim that it was in fact Praia's assignee." *Trapnell*, 2018 UT App 231, ¶ 22. The court of appeals indicated that Legacy and AFCU could have filed a memorandum "opposing Trapnell's assertion" at various times throughout the appeal. *Id.* And it noted that Legacy and AFCU had not come forward at any stage of the litigation, "with any indication that Trapnell is not actually Praia's assignee." *Id.*

¶58 Contrary to the court of appeals' assertion, Legacy opposed Trapnell's declaration that it was a proper party seemingly at every opportunity. Legacy moved for summary disposition, opposed Trapnell's motion to substitute, and opposed Praia's motion for additional time to file a notice of appeal. When Trapnell attempted to introduce evidence of the assignment before the court of appeals, Legacy objected and argued that the document evidencing the assignment did not reflect that Trapnell had assumed Praia's obligations associated with this action. It is

difficult to see what more Legacy could have done to oppose Trapnell's entry into the matter.

¶59  If what the court of appeals meant was that Legacy never forwarded evidence that Trapnell was not Praia's successor in interest, the court of appeals is both right and wrong. It is right that Legacy never forwarded such information, but it is wrong to suggest that it needed to. Indeed, this line of thought only underscores why it was important that the district court should have required Trapnell to enter the action through the mechanism the rules contemplate: a motion under rule 25. Had Trapnell followed the rules, the burden would have been on Trapnell, as the moving party, to prove that it had been assigned the interest in the litigation and was a proper party to continue to litigate the action. Legacy and AFCU could then have mustered its best arguments to combat Trapnell's assertions. Instead, the court of appeals effectively flipped the burden and faulted Legacy and AFCU for failing to produce evidence that Trapnell was not a valid assignee of the claim.

¶60 While the burden of presenting evidence of a proper substitution may not be hard to meet, it is one our rules impose to prevent mischief. *See Utah Down Syndrome Found., Inc. v. Utah Down Syndrome Ass'n*, 2012 UT 86, ¶¶ 5, 9, 293 P.3d 241 (discussing a non-party that filed motions, argued before the court, and tried to appeal); *see also Lundahl*, 2003 UT 11, ¶ 12 ("Consequently, the district court's justifiable refusal to address a multitude of last-ditch, disruptive legal filings was well within its discretion and supported by [the prospective party's] failure to avail herself of the procedural rule designed to afford her the relief she claimed.").

¶61 We understand what may have motivated the court of appeals. Trapnell may well be the assignee of Praia's interest. Unlike in the *Utah Down Syndrome* and *Lundahl* cases, Trapnell was not a would-be party who stepped onto the court and immediately failed to hit the ball back right. Trapnell has acted the way we would expect a party who was properly assigned claims to act.

¶62 But the only basis we have to conclude that Praia in fact assigned its interest to Trapnell is the declaration of Praia and Trapnell's counsel attesting to the transfer. That declaration attaches the document evidencing the assignment. Trapnell did not file that document in the district court; rather, it seems it first appeared as part of the motion to substitute filed in the court of

appeals. And the declaration does nothing to remedy Trapnell's failure to file a rule 25(c) motion in the district court. At most, it could show that any error flowing from that failure was harmless.[8] But here, the error was far from harmless because it meant that the only entity that filed the timely notice of appeal was not actually a party entitled to file that notice. And that means that the court of appeals did not have jurisdiction to allow the substitution.

¶63 The Tenth Circuit Court of Appeals has dealt with a similar situation. *See Raley v. Hyundai Motor Co. Ltd.*, 642 F.3d 1271 (10th Cir. 2011). In *Raley*, a bank was appointed guardian for Raley and her children. *Id.* at 1273. Raley moved pursuant to Federal Rule of Civil Procedure 25(c) to have the bank substituted in as the real party in interest in her case against Hyundai. *Id.* The court granted the motion. *Id.* at 1274. After Hyundai prevailed, the district court's final order mistakenly listed Raley as the defeated plaintiff. *Id.* Raley appealed. *Id.* The Tenth Circuit questioned whether it had jurisdiction over the matter. *Id.* at 1274–75. Raley asserted that the Tenth Circuit could fix any problem by allowing her to substitute into the appeal for the bank. *Id.* at 1276. And she filed a motion to substitute. *Id.*

¶64 The Tenth Circuit rejected Raley's argument and denied her motion. *Id.* The Tenth Circuit concluded

> [t]o entertain a motion to substitute the appellant we must first *have* an appeal. And here we don't. Without a timely notice of appeal from someone we can be confident is a party to the appeal, we have no authority to hear a challenge to the district court's judgment, let alone grant a motion in such a (non-existent) appeal. No court of appeals can reach the merits of a motion in an appeal it is without jurisdiction to hear. And no more persuasive

---

[8] Utah Rule of Civil Procedure 61 provides that "[t]he court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." And "we will not reverse a judgment merely because there may have been error; reversal occurs only if the error is such that there is a reasonable likelihood that, in its absence, there would have been a result more favorable to the complaining party." *Child v. Gonda*, 972 P.2d 425, 431 (Utah 1998).

application of this rule could be found than in this case, where the relief sought is essentially to permit a district court party [the bank] to file a conforming notice of appeal out of time, a result that would (quite improperly) "vitiate" the mandatory and jurisdictional deadline set forth by Rules 3 and 4.

*Id.*

¶65 Such is the case here. Trapnell was not a proper party when it filed its notice of appeal. The court of appeals was therefore without jurisdiction to hear the appeal. And it lacked the authority to consider the Utah Rule of Appellate Procedure 38 motion to substitute.

¶66 In its supplemental briefing, Trapnell raises three main arguments in an attempt to convince us the court of appeals did not err. We have already disposed of two of these arguments: that rule 17 was a proper method to substitute into the action and that it placed sufficient evidence in front of the court of appeals to allow it to grant the rule 38 motion to substitute. We will not rehash what we have already said.

¶67 Trapnell also contends that rule 25(c) is permissive, not mandatory. Rule 25(c) provides that an action "*may be* continued by or against the original party." (Emphasis added.) Trapnell uses this language to assert that it was not required to file a motion. We are not persuaded.

¶68 In further support of this argument, Trapnell points to *Lundahl* where we stated, "[w]hile rule 25(c) speaks in *permissive rather than mandatory terms*, it is clear courts cannot be compelled to recognize a substitution of parties at the whim of the movant." 2003 UT 11, ¶ 10 (emphasis added).[9]

---

[9] Trapnell provides authority from other jurisdictions standing for the proposition that a successor in interest need not file a motion to substitute into an action. *See Fed. Deposit Ins. Corp. v. SLE, Inc.*, 722 F.3d 264 (5th Cir. 2013); *Wilson v. Deutsche Bank Trust Co. Americas*, No. 3:18-CV-0854-D, 2019 WL 5840325 (N.D. Tex. Nov. 7, 2019); *Fairport Ventures, LLC v. Beneficial Fin. I, Inc.*, No. H-16-1038, 2017 WL 7806388 (S.D. Tex. July 6, 2017).

*SLE* is a per curiam opinion with scant analysis of the question. The entire treatment consists of two conclusory sentences. *See* 722 F.3d at 268. "The rules of service in Rule 25(a)(3)

(continued . . .)

¶69 Trapnell misreads the rule. The permissive aspect of rule 25(c) means that if a transfer occurs, we do not require that the new party substitute into the action. *See* 7C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1958 (3d ed. 2020) ("The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, and the judgment will be binding on the successor in interest even though the successor is not named."). But if the new party wants to participate in the litigation, it must do so under rule 25's mandates. Rule 25(c) provides that after a transfer of an interest during litigation, the case proceeds in the name of the original party unless "the court *upon motion* directs the person to whom the interest is transferred to be substituted in the action or joined with the original party." UTAH R. CIV. P. 25(c) (emphasis added); *see Lundahl*, 2003 UT 11, ¶ 10 (concluding that the "provision that the action 'may be continued by or against the original party,' unless the court grants a motion for substitution, preserves the court's inherent power to manage the case without undue disruption, confusion, or interference"). That is to say, if a holder of a transferred interest wants to substitute into the action, it must file a motion, but the decision to grant that motion lies within the district court's discretion.

---

govern any substitution motion that transferees choose to file, but neither Rule 25(a)(3) nor (c) *require* a party to move to substitute. Simply put, to read a substitution requirement into Rules 25(c) and (a)(3) misconstrues their plain terms." *Id.* The other two cases simply cite *SLE. See Wilson*, 2019 WL 5840325, at *3; *Fairpoint Ventures*, 2017 WL 7806388, at *2.

We cannot square *SLE*'s interpretation with rule 25(c)'s plain language, which provides that the case may proceed in the name of the original party "*unless the court upon motion*" directs otherwise. UTAH R. CIV. P. 25(c) (emphasis added). Nor can we square it with our own jurisprudence interpreting rule 25(c). *See, e.g., Jones v. Mackey Price Thompson & Ostler*, 2020 UT 25, ¶ 91, — P.3d — ("So substitution is available under rule 25 after *service of a motion*, notice of a hearing, and appropriate proceedings on the question of whether the new party is an entity 'to whom the [original party's] interest is transferred.'" (alteration in original) (emphasis added)).

¶70  Trapnell next asserts that jurisdiction is proper because it filed a rule 38 motion for substitution in the court of appeals.[10] Trapnell contends this, coupled with Praia's rule 4(e) motion in the district court, resulted in the "creation of a record before the district court and court of appeals that enabled the courts to make informed rulings confirming Trapnell's substitution as plaintiff." For the reasons we have just discussed, this argument is a non-starter. Trapnell's notice of appeal was invalid. Without a valid notice of appeal, the court of appeals lacked jurisdiction, and there was no appeal into which Trapnell could substitute. *See Raley*, 642 F.3d at 1276.

## IV. Praia's Conditional Cross-Appeal

¶71  Even though we conclude that the court of appeals erred by determining it had jurisdiction, it would be premature to dismiss. Praia filed a potentially still-active conditional cross-appeal of the district court's denial of its motion for an extension of time to file an appeal.

¶72  After the district court's second denial of Praia's motion for an extension of time to file an appeal, Legacy appealed the portion of the district court's order recognizing Trapnell as a properly substituted party. Praia then conditionally cross-appealed the district court's denial of its motion for additional time. However, this cross-appeal was unique in that it did not contend that the district court erred, but only asked that if an appellate court in the active appeals held "that Trapnell's substitution for Praia was ineffective, contrary to the district court's ruling here, then Praia and Trapnell request that the December 2[7] order be vacated and the issue of the extension of time for Praia to appeal again be presented to the district court."

¶73 The court of appeals did not address Praia's conditional cross-appeal, likely because it agreed with the district court and affirmed that Trapnell's substitution for Praia was effective. Accordingly, we do not have a sufficient basis to opine on this

---

[10] Utah Rule of Appellate Procedure 38 permits a party to substitute into an action. The rule details specific instances when substitution is permitted, including death of a party, incompetency of a party, and a change in public officers. *See* UTAH R. APP. P. 38. Subsection (c) then provides that "[i]f substitution of a party is appropriate for any other reason, the court may substitute the party upon good cause shown." *Id.* 38(c).

cross-appeal that may or may not be pending before the court of appeals. We remand to the court of appeals to determine whether the issue was sufficiently briefed before it, whether it requires supplemental briefing on this issue, whether it can rule on the issue, and any other remaining matters related to the conditional cross-appeal.

## CONCLUSION

¶74 The court of appeals erred in concluding that Trapnell had properly substituted into this matter. The Utah Rules of Civil Procedure required Trapnell to move the district court to be substituted into the case. It did not, and as a result, Trapnell was not a party when it filed its notice of appeal. Without a valid notice of appeal, neither the court of appeals nor we have jurisdiction to resolve the matter. We do not, however, dismiss the case for lack of jurisdiction because of a potentially pending cross-appeal Praia filed. Accordingly, we vacate the court of appeals' decision and remand to that court to address Praia's conditional cross-appeal.

———————