**2022 UT App 55**

# THE UTAH COURT OF APPEALS

TARIQ AHMAD,
Appellant,
*v.*
GRACO FISHING & RENTAL TOOLS INC.,
Appellee.

Opinion
No. 20200642-CA
Filed May 5, 2022

Eighth District Court, Vernal Department
The Honorable Edwin T. Peterson
No. 160800095

Terry R. Spencer and Reid W. Lambert,
Attorneys for Appellant

Joseph E. Minnock and Rod N. Andreason,
Attorneys for Appellee

JUDGE GREGORY K. ORME authored this Opinion, in which
JUDGES MICHELE M. CHRISTIANSEN FORSTER and DIANA HAGEN
concurred.

ORME, Judge:

¶1      Tariq Ahmad appeals various rulings from the district court. But due to Ahmad's untimely notice of appeal, we lack jurisdiction to consider all but one of the issues Ahmad raises. With respect to that issue, we affirm.

BACKGROUND[1]

¶2     After purchasing an oil well in 2010, Pacific Energy & Mining Company[2] attempted, unsuccessfully, to get the previously unproductive well producing again. During this time, Ahmad was the secretary of Pacific and a member of its board of directors. Ahmad was also Pacific's former president and held a "very small" ownership interest in the company.

¶3     Pacific asked Graco Fishing & Rental Tools, Inc., for an estimate for the cost of the tools necessary to fix the well and the cost for Graco to operate those tools over an eight-day period. An agreement was reached, and work commenced on the well. Soon, however, issues arose. The work took longer than eight days and a hole was drilled into the well casing.

¶4     A dispute over the scope of Graco's work and whether Graco was liable for the damage caused to the casing soon

---

1. Because we lack jurisdiction over nearly all the issues Ahmad raises on appeal, *see infra* Section I, we need not belabor the facts underlying all aspects of the dispute between the parties. Instead, we present only the facts necessary to understand the jurisdictional issue and the single remaining issue that we have jurisdiction to consider.

2. The well was initially sold to JMD Resources and Entrada Enterprises, which were controlled by Ahmad's wife and Pacific's president, respectively. Those companies subsequently formed Greentown Oil, which held 100% of the working interest in the well during the time in question. Pursuant to a joint operating agreement, Pacific acted as the operator of the well on Greentown Oil's behalf and was "required to litigate on behalf of the working interest owners." For convenience, we refer to all actions regarding ownership and operation of the well as being undertaken by Pacific.

followed. Pacific did not pay Graco, and Graco placed a lien on the well.

¶5    In 2016, Pacific, through its attorney, Terry Spencer, filed suit against Graco. Pacific claimed damages for the hole in the casing. Graco filed a counterclaim against Pacific for the payment owed. Graco also filed what it styled a third-party complaint against Ahmad, claiming that he had personally guaranteed the payment of Pacific's obligations. Through Spencer, Ahmad answered the third-party complaint. Following numerous legal proceedings in state district court and Ahmad filing a complaint in the United States District Court for the District of Utah, Graco moved to have Ahmad joined as a party-plaintiff in this case. The state district court granted that motion.

¶6    The instant case proceeded to trial in June 2019, during which Spencer represented both Pacific and Ahmad. At the end of Pacific and Ahmad's case, Graco moved for, and was granted, a directed verdict. The case was then submitted to the jury on Graco's claims only, and the jury returned a verdict in favor of Graco. Pacific then filed a bankruptcy petition, and Ahmad attempted to move the claims against him to bankruptcy court. Apparently, due to the procedural hurdles in that process, the district court did not enter a judgment against Ahmad and Pacific until October 7, 2019. The document the court filed was titled "JUDGMENT," and the court stated that it "enters JUDGMENT as follows" and laid out the jury's verdict.

¶7    On November 1, 2019, pursuant to rule 59 of the Utah Rules of Civil Procedure, Pacific, through Spencer, filed a motion for a new trial. Ahmad then filed a pro se motion on November 4, joining Pacific's new trial motion. The court held a telephonic conference on December 2, the minutes of which indicate that Spencer appeared as "Plaintiff's Attorney," and a hearing on the motion for a new trial was scheduled for January 3, 2020.

¶8    Ahmad did not personally appear at the hearing. Spencer did appear, however, and informed the court that because Pacific

was in bankruptcy, he could "only appear today on behalf of Mr. Ahmad." Spencer then argued on Ahmad's behalf, referring to Ahmad as "my client," and not correcting the court when it referred to Ahmad as "your client." On January 14, a new attorney filed a notice of substitution of counsel, indicating that she would be acting as the attorney for both Pacific and Ahmad. But just six days later, she filed a notice of withdrawal as counsel for both. Graco then filed a notice to appear or appoint counsel, in accordance with rule 74(c) of the Utah Rules of Civil Procedure, and served it on both Pacific and Ahmad. Ahmad later admitted he received the notice, but he did not appear or appoint counsel.

¶9    On May 22, 2020, the district court issued a written order deeming the motion for a new trial to be withdrawn due both to the substitute attorney's statement at the time of her withdrawal that "there were no pending motions before the Court" and Ahmad's and Pacific's failures to appear or appoint counsel. On May 28, Ahmad filed a pro se motion entitled "Motion for reconsideration of Courts Order dated May 22, 2020 Pursuant to Rule 60(b)." Ahmad argued that the court and Graco's counsel "were properly notified," when he filed his pro se motion on November 4, that he "did not retain counsel and was representing himself." Ahmad further asserted that he did not receive notice of the hearing held on the motion for a new trial or of the court's subsequent entry of judgment and, as a result, that his "right to due process" was violated. On June 15, Ahmad filed another pro se motion notifying the court that his May 28 motion "should have been titled 'Rule 60(b) Motion to Set Aside the Court Order Dated May 22, 2020.'"[3] The court denied the motion on August 6. It ruled

---

3. Attached to this motion was an affidavit from Spencer stating, "On Monday, November 4, 2019, Ahmad asked me why he was not included in the Motion for New Trial, I informed Ahmad that I did not represent him in his personal capacity, as the court records indicate I only represented [Pacific] in the above captioned matter." The veracity of this assertion is certainly

(continued…)

questionable. The record before us shows that Spencer purported to represent Ahmad in the district court for years. On September 26, 2016, Spencer filed an answer to Graco's counterclaim and so-called third-party complaint on behalf of both Pacific and Ahmad, at the bottom of which he stated that he was the "Attorney for Pacific Energy & Mining Company and Tariq Ahmad." Then, on November 6, 2018, after Ahmad was made a party-plaintiff in the action on Graco's motion, Spencer filed a complaint on Ahmad's behalf against Graco, signing the complaint "Terry R. Spencer Attorney for Ahmad." Earlier that month, Spencer also filed "Plaintiff Ahmad's Initial Disclosures," and he signed it "Terry R. Spencer Attorney for Plaintiffs." Spencer then filed a motion asserting "Ahmad's Right to Conduct Discovery After Being Joined as a Party-Plaintiff by Graco," again signing the motion "Terry R. Spencer Counsel for [Pacific] and Ahmad." And at the January 3, 2020 hearing, Spencer informed the court that he would "only appear today on behalf of Mr. Ahmad," and he proceeded to refer to Ahmad as "my client" during the hearing. During this entire time, Spencer never filed a motion to withdraw as Ahmad's counsel. Spencer's claim that the "court records indicate" he did not represent Ahmad is equally dubious. The very first page of the district court's docket on the case states that Ahmad is a plaintiff in the case and he is "Represented by: Terry Spencer." And throughout the docket, Spencer is consistently named as Ahmad's attorney. Finally, Spencer filed an attorney's lien in our court for nearly $1.5 million against any potential judgment Ahmad would receive for "legal work completed by Terry R. Spencer at the request of the Appellant, Tariq Ahmad." It is hard to imagine Ahmad amassing such extraordinary legal fees from Spencer if Spencer "did not represent [Ahmad] in his personal capacity" and "only represented [Pacific] in the above captioned matter," as Spencer claimed. The record compels the conclusion that Spencer did, in fact, represent Ahmad, and Spencer's claims in his declaration to the contrary simply do not comport with the facts of record.

that Ahmad's argument was unpersuasive because he did not act pro se during trial and never offered any evidence or argument that differed from that offered by Pacific and because Spencer acted as the attorney for both Pacific and Ahmad "until after the hearing on the motion for a new trial." The court also noted that Spencer never filed a notice of withdrawal of counsel prior to the January 3 hearing on the motion for a new trial and that Ahmad received the notice to appear or appoint counsel long before the court issued its written order.

¶10    Ahmad filed his notice of appeal, pro se, on August 19, 2020, asserting that he was appealing "the entire order or judgment, which was entered on August 06, 2020." Approximately one month later, Spencer filed his appearance of counsel in our court, notifying the court that he was representing Ahmad on appeal. Before the briefs were filed in this case, however, Graco moved for summary disposition on the ground that we lacked jurisdiction. It argued that Ahmad did not file his notice of appeal within 30 days of the court's May 22, 2020 ruling on the new trial motion. Graco asserted that Ahmad's rule 60(b) motion, filed on May 28, did not further extend the time for Ahmad to file a notice of appeal because rule 4 of the Utah Rules of Appellate Procedure provides that for a rule 60(b) motion to extend the time for appeal, the motion must be "filed no later than 28 days after the judgment is entered." Utah R. App. P. 4(b)(1)(E). We denied the motion but instructed the parties to address jurisdiction in their briefs, paying particular attention to "if, and how, the definition of 'judgment' found in rule 54 of the Utah Rules of Civil Procedure affects the analysis."

ISSUES AND STANDARDS OF REVIEW

¶11    Ahmad claims that multiple errors before and during trial necessitate a remand. But we may reach those issues only if we determine that we have appellate jurisdiction. "Questions about appellate jurisdiction are questions of law." *Zion Village Resort*

*LLC v. Pro Curb U.S.A. LLC*, 2020 UT App 167, ¶ 21, 480 P.3d 1055 (quotation simplified). And because we conclude that Ahmad's notice of appeal was largely untimely, it did not vest this court with jurisdiction over the issues arising from the underlying judgment. "When this court lacks jurisdiction over an appeal, it retains only the authority to dismiss the appeal." *In re adoption of A.B.*, 2010 UT 55, ¶ 21, 245 P.3d 711.

¶12    We do, however, have jurisdiction to consider Ahmad's challenge to the district court's denial of his rule 60(b) motion, as to which his notice of appeal was timely. Ahmad asserts that this issue is reviewed for correctness. He is mistaken. "We review a district court's denial of a rule 60(b) motion for relief from judgment for an abuse of discretion." *Jones v. Layton/Okland*, 2009 UT 39, ¶ 10, 214 P.3d 859.[4]

ANALYSIS

I. Jurisdiction

¶13    Rule 4 of the Utah Rules of Appellate Procedure requires a party to file a notice of appeal "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). This requirement "is jurisdictional, meaning that an appellate court simply has no power to hear the case if a notice of appeal is untimely." *Trapnell & Assocs. v. Legacy Resorts, LLC*, 2020 UT 44, ¶ 35, 469 P.3d 989 (quotation simplified). The rule allows for this time to be extended, however, in enumerated circumstances:

---

4. After the briefs were filed in this case, Graco filed a motion with this court attempting to be substituted as the appellant because it "purchased Mr. Ahmad's appeal rights in this matter" at an execution sale. At oral argument, however, Graco withdrew this motion, and we have no occasion to consider it.

> (1) If a party timely files in the trial court any of the following, the time for all parties to appeal from the judgment runs from the entry of the dispositive order:
>
> > . . .
> >
> > (D) A motion for a new trial under Rule 59 of the Utah Rules of Civil Procedure;
> >
> > (E) A motion for relief under Rule 60(b) of the Utah Rules of Civil Procedure if the motion is filed no later than 28 days after the judgment is entered.

Utah R. App. P. 4(b)(1).

¶14    Ahmad argues that his notice of appeal was timely because the new trial motion filed on November 1, 2019—within 30 days of the court's judgment entered on October 7, 2019—extended the time for appeal. And after the court issued its May 22, 2020 order denying that motion, Ahmad argues, his rule 60(b) motion further extended the time for appeal because that motion was filed within 28 days of that order. Thus, Ahmad contends that his notice of appeal, filed within 30 days of the court's August 6 denial of his rule 60(b) motion, was timely, allowing him to challenge the court's underlying judgment. Graco responds that Ahmad's argument does not comport with the plain language of the rule, which distinguishes between the "judgment" and "the entry of the dispositive order." *Id.* Thus, to properly extend the time for appeal by means of a rule 60(b) motion, Graco argues that the rule required Ahmad to file the motion within 28 days of the judgment, which was entered on October 7, 2019. Given that Ahmad filed his rule 60(b) motion ten months after entry of judgment, Graco argues that the motion could not operate to extend the time for appeal, even though his notice of appeal was filed soon after entry of the order disposing of that motion.

¶15    We do agree with Ahmad that the motion for a new trial filed on November 1, 2019, extended the time to file a notice of appeal, allowing him to file an appeal from the underlying judgment up until 30 days after the court ruled on that motion, which occurred on May 22, 2020. *See id.* R. 4(b)(1)(D). But we agree with Graco that, per the text of rule 4, Ahmad's rule 60(b) motion, filed months after entry of the underlying judgment, did not then further extend the time for appeal. Accordingly, his August 19 notice of appeal was untimely as to the underlying judgment.

¶16    When interpreting a court rule, we do so "in accordance with its plain meaning." *State v. Rothlisberger*, 2006 UT 49, ¶ 15, 147 P.3d 1176. And in so doing, we endeavor "to give meaning to all its parts [and] avoid construing the rule in a way that renders any portion of it superfluous." *Id.* ¶ 21.

¶17    The text of rule 4 states that a rule 60(b) motion extends the time for appeal only if it "is filed no later than 28 days after the *judgment* is entered." Utah R. App. P. 4(b)(1)(E) (emphasis added). To be sure, the rule uses both the word "judgment" and the word "order." Subsection (a) of the rule states that a party has "30 days after the date of entry of the *judgment or order*" in which to file a notice of appeal, and subsection (b) states that if a party files one of the enumerated motions, "the time for all parties to appeal from the *judgment* runs from the entry of the *dispositive order*." *Id.* R. 4(a), (b)(1) (emphases added). Thus, the rule clearly anticipates a difference between the two, making orders disposing of post-judgment motions "dispositive orders"—not "judgments"—for the purposes of a rule 4 timeliness analysis. If we were to hold otherwise, we would render the distinction between "judgment" and "order" in rule 4 superfluous and would not "give meaning to all its parts." *See Rothlisberger*, 2006 UT 49, ¶ 21.

¶18    Here, the court undisputedly issued its "judgment" memorializing the jury's verdict against Ahmad on October 7, 2019. The original time for appeal was then extended by the filing of the motion for a new trial, *see* Utah R. App. P. 4(b)(1)(D), which

the court denied on May 22, 2020. Based on the plain language of rule 4, the ruling on this motion was the operative "dispositive order." As such, it restarted the 30-day time limit in which to appeal, but it did not operate as a judgment under rule 4(b)(1)(E). Ahmad, therefore, had 30 days from that order—i.e., until June 22, 2020—to file a notice of appeal if he wished to appeal the underlying judgment, as well as the order itself. *See id.*

¶19    But Ahmad did not do so. Rather, he filed a rule 60(b) motion on May 28, 2020, and did not file his notice of appeal until August 19. While this was within 30 days of the court's denial of the rule 60(b) motion, this rule 60(b) motion did not again extend the time for Ahmad to appeal from the court's underlying judgment. For a rule 60(b) motion to extend the time to appeal a district court's underlying judgment, the motion must be filed within "28 days after the *judgment* is entered." *Id.* R. 4(b)(1)(E) (emphasis added). And here, the court entered the judgment memorializing the jury's verdict on October 7, 2019, and Ahmad did not file his rule 60(b) motion within 28 days of the date the judgment was entered. Thus, his rule 60(b) motion did not extend the time for Ahmad to file a notice of appeal from the judgment, and Ahmad's August 19 notice of appeal was untimely as to the judgment itself.

¶20    Ahmad argues in his reply brief that "judgment," as used in rule 4(b)(1), incorporates the definition of "judgment" from rule 54 of the Utah Rules of Civil Procedure, which includes "any other order from which an appeal of right lies." *See* Utah R. Civ. P. 54(a). Based on that definition, Ahmad argues that the May 22 ruling denying the motion for a new trial is a "judgment" within the meaning of rule 4(b)(1) because an appeal of right could be taken from that order. But despite our order expressly directing the parties to "address if, and how, the definition of 'judgment' found in rule 54 of the Utah Rules of Civil Procedure affects the analysis," Ahmad did not make this argument in his opening

brief.[5] Instead, he opted to do so only in his reply brief. But issues raised for the first time in a reply brief are waived. *See Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 ("It is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court.") (quotation simplified). In addition, Graco persuasively argues that this reading is inconsistent with the plain language of rule 4(b)(1), which specifically governs the timeliness of appeals, and which distinguishes between the "judgment" and "the entry of the dispositive order" ruling on an authorized post-judgment motion. Ahmad has thus failed to carry his burden of persuasion that the definition of judgment in rule 54 of the Utah Rules of Civil Procedure also applies to rule 4 of the Utah Rules of Appellate Procedure. And based on the plain language of rule 4, Ahmad's rule 60(b) motion did not again extend the time for appeal from the judgment itself because it was filed more than 28 days after the district court entered its judgment on October 7, 2019.

¶21    In sum, because Ahmad did not file his notice of appeal within 30 days of the district court's May 22 order, it was

---

5. In his opening brief, Ahmad makes a single conclusory statement that the May 22, 2020 order "was a final 'judgment,' as defined in Rule 54(a) . . . as it adjudicated the claims, rights, and liabilities of the parties." But Ahmad did not cite a single case to support this proposition and provided no analysis of how the language of rule 54 works in conjunction with rule 4's use of the words "judgment" and "dispositive order." Thus, this issue was inadequately briefed in Ahmad's principal brief, *see Allen v. Friel*, 2008 UT 56, ¶ 9, 194 P.3d 903 ("In addition to requiring issues to be raised in the opening brief, this court has repeatedly noted that a brief is inadequate if it merely contains bald citations to authority without development of that authority and reasoned analysis based on that authority.") (quotation simplified), rendering the argument "not presented in the opening brief" and thus "waived," *see id.* ¶ 8.

untimely, and we therefore do not have jurisdiction to consider any of Ahmad's claims of error that arose prior to the court's August 6 denial of his rule 60(b) motion.[6] We are, however, vested with jurisdiction over the court's order denying his rule 60(b) motion because Ahmad filed his notice of appeal to challenge that order well within the 30-day time limit. Accordingly, we now proceed to analyze whether the district court erred in denying Ahmad's rule 60(b) motion.

## II. Rule 60(b) Motion

¶22    To obtain relief under rule 60(b) of the Utah Rules of Civil Procedure, a party must show that "(1) the motion is timely; (2) there is a basis for granting relief under one of the subsections of 60(b); and (3) the movant has alleged a meritorious defense." *Menzies v. Galetka*, 2006 UT 81, ¶ 64, 150 P.3d 480. "These considerations should be addressed in a serial manner." *Id.* Thus,

---

6. This resolution is consistent with the policy against successive extensions of the time for appeal by post-judgment motions, which courts have previously endorsed. *See America Mutual Ins. v. Schettler*, 768 P.2d 950, 969 (Utah Ct. App. 1989) (stating that "successive post-judgment motions interfere with" the policy of judicial economy that dictates that "there must be finality, a time when the case in the trial court is really over and the loser must appeal or give up") (quotation simplified); *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ("Allowing subsequent motions to repeatedly toll the filing period for a notice of appeal would encourage frivolous motions and undermine a fundamental canon of our legal system, to promote the finality of judgments."). *See also Little Cottonwood Tanner Ditch Co. v. Sandy City*, 2016 UT 45, ¶ 17, 387 P.3d 978 ("The finality of judgments rule recognizes that at some point, litigation must end."); *Holbrook v. Hodson*, 466 P.2d 843, 845 (Utah 1970) ("The overriding principle of [our] rules is to assure the finality of judgments.").

there is no need to address additional considerations if one is found wanting.

¶23    Here, it is clear that the motion was timely as Ahmad filed it well within the 90-day requirement of rule 60. *See* Utah R. Civ. P. 60(c). Ahmad's motion fails on the second requirement, however, as he cannot show that the court abused its discretion in determining that there was no basis for granting relief.

¶24    Rule 60(b) lists the following as grounds for relief from a "judgment, order, or proceeding":

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud . . . , misrepresentation or other misconduct of an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or vacated, or it is no longer equitable that the judgment should have prospective application; or
>
> (6) any other reason that justifies relief.

*Id.* R. 60(b). Ahmad did not clarify which ground for relief he was asserting in his rule 60(b) motion. But because he argued that his due process rights were violated—an argument that, as he phrases it, does not obviously come within any of the specific reasons for granting relief articulated in the rule—we assume that his motion was brought pursuant to rule 60(b)(6) and that he

sought relief based on "any other reason that justifies relief."[7] *Id. See Menzies*, 2006 UT 81, ¶ 71 (noting that subsection 60(b)(6) is a "catch-all provision of rule 60(b) . . . meant to operate as a residuary clause") (quotation simplified).

¶25 Ahmad's argument boils down to two points. First, he complains that his due process rights were violated when he did not receive notice of the hearing on the motion for a new trial because he did not employ Spencer as his attorney at that time and so the notice Spencer received is not chargeable to Ahmad. Second, he asserts that his due process rights were violated for the same reason because he did not receive notice of the court's written order on May 22. Both arguments are unavailing.

¶26 Ahmad asserts that his November 4 pro se motion joining Pacific's motion for a new trial put the court on notice that he was now proceeding pro se, necessitating that he thereafter personally receive notice of the proceedings. We disagree. Although Ahmad did file this motion pro se, Spencer never filed a motion to withdraw as his counsel, as is required of all attorneys seeking to withdraw. *See* Utah R. Civ. P. 74. The court therefore had no reason to believe that Spencer no longer represented Ahmad. In fact, besides that single November 4 motion, Ahmad did not file another document with the court as a pro se litigant before the January 3 hearing. And, at the January 3 hearing, Spencer informed the court that because Pacific was in bankruptcy, he could "only appear today on behalf of Mr. Ahmad." Then during the hearing, Spencer referred to Ahmad as "my client" and argued on Ahmad's behalf.

---

7. Some due process violations would render a judgment void, implicating rule 60(b)(4) and the less deferential review for correctness. *See, e.g., Rojas v. Montoya*, 2020 UT App 153, ¶ 12, 477 P.3d 38. Ahmad does not assert that the judgment against him is void.

¶27   While this may have been inconsistent with Ahmad's understanding at the time, the district court was absolutely entitled to take Spencer at his word that he was representing Ahmad at the hearing. This is especially so given that Spencer had not filed a withdrawal of counsel, nor was there any other filing after the November 4 motion indicating Spencer no longer represented Ahmad, and given that Spencer had been Ahmad's attorney for nearly the entirety of the legal proceeding. *See supra* note 3. Thus, the court had no reason to look beyond Spencer's representation and do its own investigation to determine whether Spencer really represented Ahmad. Thus, the court did not abuse its discretion in determining that this was not a basis to grant Ahmad relief from the judgment.

¶28   Second, we are also unpersuaded by Ahmad's argument that his due process rights were violated when he did not receive notice of the court's May 22 written order. After the January 3 hearing, new counsel appeared on Ahmad's behalf on January 14. Then, just six days later, she filed a motion to withdraw. At this point, Graco sent a notice to appear or appoint counsel to Ahmad, and it is undisputed that Ahmad received this notice, but Ahmad failed to appear or appoint counsel thereafter. Having failed to take any action to inform the court about the status of his representation, he cannot then complain that his rights were violated when he did not receive notice of the court's order. Furthermore, his contention that he did not receive notice of the May 22 order seems dubious given that he filed a rule 60(b) motion just six days later on May 28 seeking relief from that order. Thus, the district court did not abuse its discretion in denying Ahmad relief from the judgment on this basis.

CONCLUSION

¶29   For the most part, Ahmad's notice of appeal was untimely, resulting in this court lacking jurisdiction to consider nearly all of Ahmad's claims. On the one issue we do have jurisdiction to

consider, we determine that the district court did not abuse its discretion in denying Ahmad's rule 60(b) motion.

¶30    Affirmed.

———